No. 9236.

## WRIGHT ET AL. *v.* GELVIN, TRUSTEE.

JUDICIAL SALE.—*Husband and Wife.*—*Assignment for Benefit of Creditors.—Wife's Inchoate Interest.*—If a husband owning realty makes an assignment, under the statute, for the benefit of creditors, the assignee can sell only the undivided two-thirds of the land; such sale being a judicial sale whereby, under the law of 1875, the wife's inchoate right becomes absolute.

From the Ripley Circuit Court.

*J. W. Gordon, R. N. Lamb* and *S. M. Shepard,* for appellants.
*W. D. Willson* and *C. H. Willson,* for appellee.

WOODS, C. J.—The appellants, Mary and James M. Wright, are husband and wife. The said James made a voluntary assignment of all his property, including certain real estate, to the appellee, as trustee, for the benefit of his creditors. After

the execution of that assignment, the appellee filed his complaint against the appellants, alleging that the said Mary was asserting a present right to one-third of the real estate, and asking to have his title under the assignment quieted against her claim. The court having overruled their demurrer to the complaint, the defendants answered that they were husband and wife at the time the assignment under which the appellee claims was executed, and that the said Mary had not joined in the assignment, nor otherwise parted with her rights.

The court sustained a demurrer for want of facts to this answer, and, the defendants declining to plead further, gave judgment "That the plaintiff is the owner in fee simple of the real estate (described) subject to the right of said Mary to one-third of the same at the death of her husband, James M. Wright, in case she survives him."

This is not in accord with the doctrine declared in *Lawson* v. *DeBolt,* 78 Ind. 563, wherein it was held that the sale of a debtor's real estate by the assignee, under the act of March 5th, 1859, providing for voluntary assignments, is a judicial sale within the meaning of the act of March 11th, 1875. It is true that the assignee in this case had not made a sale of the realty in question, and, consequently the inchoate right of the appellant Mary had not yet vested, but, except for the purpose of enabling him to sell the property, the assignee could have no right to maintain an action to quiet the title, and it necessarily follows that, though the alleged assertion of title by the said Mary was beyond and greater than her present right, it afforded the appellee no cause of action, because the moment he should make a sale of the property her right would thereby be made as large as her claim.

Judgment reversed, with instructions to sustain the demurrer to the complaint.