No. 11,256.

HALL *v.* HARRELL, ASSIGNEE, ET AL.

MARRIED WOMAN.—*Inchoate Interest in Real Estate.—Judicial Sale.— Voluntary Assignment.—Rents.*—A voluntary assignment of real property by a husband for the benefit of creditors, under section 2662, R. S. 1881, is not a judicial sale within the meaning of section 2508, R. S. 1881, in reference to the inchoate interest of married women; and the assignment will not vest in the wife a right to recover from the assignee one-third of the rents accruing from the property from the date of the assignment to the date of the sale of the land by the assignee.

From the Franklin Circuit Court.

*J. F. McKee* and *D. W. McKee,* for appellant.

*H. Berry, F. Berry, S. E. Urmston* and *I. Carter,* for appellees.

BLACK, C.—On the 2d of April, 1878, John Hall, then and at the commencement of this suit the husband of the appellant, executed an assignment, in which the appellant did not join, of all his property, including certain real estate in Franklin county, for the benefit of his creditors, to the appellee Harrell, and delivered to him possession thereof. Said Harrell as such assignee, having received as rent for said real estate $1,950 from April, 1878 to July, 1882, sold and conveyed said real estate to the appellant on the 22d of July, 1882; and she thereafter brought her suit against said assignee and the creditors of her husband to recover one-third of said sum so collected as rent, still in the hands of the assignee.

A demurrer to her complaint was sustained.

It is contended on her behalf that the general assignment made by her husband in trust for the benefit of his creditors, under the provisions of the act of March 5th, 1859, 1 R. S. 1876, p. 142 (section 2662, *et seq.,* R. S. 1881), amounted to a judicial sale of said real estate within the meaning of the act of March 11th, 1875 (R. S. 1881, section 2508); that upon the execution of said assignment the inchoate interest which she

had in said real estate by virtue of her marriage became absolute and vested in her, as it would have done upon the death of her husband, and she thereupon had the right to the immediate possession and became entitled to have partition thereof; that, therefore, she was entitled, as against the assignee and the creditors, to one-third of the rent for the entire tract, which accrued and was collected by the assignee between the date of the execution of the assignment by her husband and the date of the sale of the land by the assignee.

In argument, reliance is placed by the appellant upon *Lawson* v. *DeBolt*, 78 Ind. 563, and *Riley* v. *Davis*, 83 Ind. 1. But upon the authority of those cases, with *Wright* v. *Gelvin*, 85 Ind. 128, it must be said that her claim is not well founded. The sale made by the assignee and approved by the court was a judicial sale within the meaning of said act of 1875, but the voluntary assignment executed by her husband was not such a sale.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at appellant's costs.

Filed Jan. 3, 1884.