## PEELE v. OHIO AND INDIANA OIL COMPANY ET AL.

[No. 19,470. Filed April 22, 1902.]

APPEAL AND ERROR.—*Harmless Error.*—Where it appears from the special findings, in so far as they were based on the issues that the appellant had the burden of maintaining, that appellant is not entitled to recover, the Supreme Court will disregard an intermediate error in the ruling upon a demurrer to an affirmative pleading of the appellee. *p. 375.*

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Sales.*—*Act Governing.*— The act of 1893 (Acts 1893, p. 34) and act of 1897 (Acts 1897, p. 245) concerning assignments for benefit of creditors are void, since the first purports to be an amendment of an act that by amendment had ceased to exist, and the second purports to be an amendment of an act that is void. *p. 377.*

SAME.—*Sales.*—*Less than Two-thirds of Appraised Value.*—Section 744 Burns 1901, providing that "no property shall be sold on any execution or order of sale issued out of any court for less than two-thirds of the appraised cash value thereof, exclusive of liens and encumbrances, except where otherwise provided by law," has no application to sales by assignees for benefit of creditors, even when made under authority of court. *pp. 377-379.*

APPEAL AND ERROR.—*Burden of Proof.*—The silence of a finding upon an issue will be resolved against the party having the burden of establishing such issue. *p. 379.*

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Petition to Sell.*—*Notice.*— It is not necessary to give notice of a petition by an assignee for the benefit of creditors for the sale of trust property. *p. 379.*

From Wells Circuit Court; *H. B. Shively*, Special Judge.

Suit by James M. Peele against the Ohio and Indiana Oil Company and others to have a sale made by the assignee of the Upland Oil and Gas Company set aside. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

*B. K. Elliott, W. F. Elliott, F. L. Littleton* and *W. L. Taylor*, for appellant.

*J. S. Dailey, A. Simmons, F. C. Dailey, O. L. Cline* and *G. A. Dentler*, for appellees.

GILLETT, J.—Appellant, as a stockholder of the Upland Oil and Gas Company, brought this action against the appellees to have a sale made by the assignee of said Upland Oil and Gas Company set aside, and the order of court confirming said sale vacated. Issues were formed, trial had, and, pursuant to the prior request of appellant, the court filed in said cause its special findings of fact and conclusions of law. The court rendered a final judgment against appellant, and he prosecutes his appeal therefrom.

Appellant first seeks to raise a question as to the ruling of the court in overruling his demurrer to a paragraph of answer by which it was sought to plead an estoppel as to him. This error, if such it was, is not necessarily available. There were, as stated, special findings of fact and conclusions of law filed. As to those issues on which appellant had the burden, it is our duty to assume, where the findings are silent on such issues, that such issues were not affirmatively proved. If, therefore, it appears from the findings in so far as they were based upon issues that the appellant had the burden of maintaining, that appellant is not entitled to recover, then it is our duty to disregard an intermediate error in the ruling upon a demurrer to an affirmative pleading of appellee, because it would then be apparent that the ruling was not influential in the attainment of a proper result. §670 Burns 1901; *Douthit* v. *Douthit,* 133 Ind. 26; Elliott App. Proc., §635. The findings of fact, since no attempt has been made to bring the evidence into the record, solve most of the questions presented in the court below against appellant.

The special findings state the following among other facts: Upon the execution of the deed of assignment, the assignee recorded his deed, qualified, gave notice of his ap-

pointment, and filed an inventory and appraisement of the property, which consisted of a tract of real estate, certain tools and appliances, and certain gas leases. The property was appraised at $2,500. The assignee subsequently gave notice of the sale of the property at public auction, as required by law. At the time and place fixed for the sale he received but one bid. That bid was made by appellant, and was in the sum of $402. The bid was not accepted, but notice was given of a continuance of the sale until another day. On the latter day appellant bid for said property the sum of $455, and the same was struck off to him. A verified report of this sale was filed in which the assignee stated, among other things, that the leases were valueless; that the product of the wells that had been sunk did not pay the cost of production, but that said wells had to be operated to hold the leases; that the appliances were out of repair and depreciating in value, and that he believed "it to be for the best interest of said matter that said sale be confirmed." The court, after hearing evidence as to the value of the property, refused to confirm said sale. Eight days later the assignee filed a verified report, stating that since the disapproval of the sale to appellant he had sold the property at private sale to one George Ely for the sum of $600 cash; that the assignee had made repeated efforts to obtain higher bids from other parties, but had been unsuccessful; that the bid of said Ely was the highest and best bid that he had been able to obtain; that he believed it was the highest and best bid that he could obtain; that said property had been appraised at a sum far in excess of its value; and that he believed that $600 was about its fair cash value. Upon the presentation of this report the court, by its order, confirmed the sale. The special findings show that on the day the sale was made all the property was worth in cash not to exceed $600. Appellant's counsel urge that as the sale was for a sum less than two-thirds of the appraisement, it should have been set aside.

Counsel on both sides agree that the statute that is in force relative to sales by assignees is §10 of an act found in Acts 1881, p. 74, §2671 R. S. 1881. The original act concerning assignments became a law March 5, 1859. That act was amended in 1875, and the latter act was in turn amended by the act of 1881. By Acts 1893, p. 34, the General Assembly sought to amend §10 of the original act of 1859, and by Acts 1897, p. 245, an effort was made to amend said act of 1893. The two acts last mentioned are void. The first purports to be an amendment of an act that by amendment had ceased to exist. *Feibleman* v. *State,* 98 Ind. 516; *Boring* v. *State,* 141 Ind. 640. The second act purports to be an amendment of an act that is void.

Section 10 of the act of 1881 provides that after taking certain specified steps the assignee shall "proceed to sell at public auction the property appraised (except such as has been set off to the assignor) to the highest bidder for cash or upon" certain specified terms of credit. The proviso of said section contains the following: "That said court, or the judge thereof in vacation, may, upon the sworn petition of the trustee, or on like petition of a creditor or creditors of the assignor, for good cause shown, extend the time for selling said property or any portion thereof to such time or times as the court or judge may determine will subserve the best interests of the creditors and may also, in like manner, extend the credit on sales not exceeding two years. The court may also, on like petition, authorize or ratify private sales of said property, when it is shown that such sales were or will be beneficial to the creditors of the assignor." It will be observed that this section does not require that the property should sell for two-thirds of the appraisement. Counsel for appellant, however, urge that this section should be construed as *in pari materia* with §519 of the civil code (§744 Burns 1901, §732 Horner 1901). That section provides that "no property shall be sold on any

execution or order of sale issued out of any court for less
than two-thirds of the appraised cash value thereof, exclu-
sive of liens and incumbrances, except where otherwise pro-
vided by law." Without attempting to interpret this sec-
tion, we hold that its provisions have no application to sales
by assignees, even when made under an authority of court.
The act concerning assignments is practically complete in
itself, and to a large extent, at least, it prescribes the rules
of procedure thereunder. *Graves* v. *Hinkle,* 120 Ind. 157.
By the express terms of the statute, the assignee was en-
titled to sell at public vendue "to the highest bidder for cash
or upon credit," and it is provided that the court may upon
petition "authorize or ratify private sales of property, when
it is shown that such sales were or will be beneficial to the
creditors of the assignor." It thus appears that the statute
contains its own limitation upon the authority of the court.
The fact is not to be overlooked, either, in determining
whether the rules that apply in sales on execution or upon
decretal order are to be imported into this statute, that the
sale in a case like this is not strictly *in invitum,* but that the
proceeding has its origin in a deed to an assignee of the
debtor's own selection. Of course, this consideration is not
conclusive, but it bears somewhat upon the question as to
the legislative intent. The requirements that the property
be inventoried and appraised are not sufficient to create the
inference that the appraisement was to fix a basis for a
minimum selling price. Such a course is usual in trustee-
ships, and business prudence would require it to safeguard
the rights of all concerned. The fact that the subsequent
void acts do make provision that in sales ordered by the
court the property shall bring its appraised value, does not
tend to show that that was the former legislative purpose,
but such acts suggest rather a possible reason for the at-
tempted amendments. It is true that this court has held
sales by assignees to be judicial sales, under a statute that is
an extension of the favored right of dower (*Lawson* v.

*DeBolt,* 78 Ind. 563; *Wright* v. *Gelvin,* 85 Ind. 128); but it may be granted that the sale is judicial, and it yet remains that it is not within the letter of the statute that appellant contends is applicable, and that the plainly conflicting provisions of the assignment statute make this a case falling within the latter words of the section of the code relied on, that make the provision thereof applicable "except where otherwise provided by law." We think that the two petitions that were presented to the court, when considered together, made a sufficient showing to warrant the order of confirmation.

If the finding that the assignee "did convey, sell and transfer unto the said George Ely, at and for the sum of $600, in cash, all of the property so conveyed to him," does not amount to a finding that the money was paid, we have only to say that the silence of the findings upon this subject must be interpreted against the appellant, as the burden was on him to impeach the sale. The appraisement of the property as an entirety was an irregularity, but, in view of the finding of the court that the property sold for its full value, such irregularity did not afford a reason why the sale should be set aside.

It was not necessary to give notice of the filing of the petition to sell. The court had acquired jurisdiction over the trust. *Lawson* v. *DeBolt, supra; State, ex rel.,* v. *Musser,* 4 Ind. App. 407.

Complaint is made that the court ordered the sale of more property than it was necessary to sell in view of the debts. So far as the bid was concerned, it was made for the whole property, and the court had either to accept or reject the bid as made. The findings do not show, however, that the property that was sold was worth $600, but the finding is that such property "was worth not to exceed the sum of $600." On the other hand, while the findings advise us as to the amounts of the debts at the time of the assignment, yet we have no means of determining from the record the

amount of the costs and expenses. The presumption is in favor of the action of the court having jurisdiction over the trust.

Judgment affirmed.