## WILLSON ET AL. v. MILLER, TRUSTEE.

[No. 4,349.   Filed March 12, 1903.]

HUSBAND AND WIFE.—*Inchoate Interest of Wife.*—*Assignment for Benefit of Creditors.*—*Conveyance by Assignee to Wife of Assignor.*—A conveyance by an assignee for the benefit of creditors, by order of court, to the assignor's wife of certain real estate in consideration of her inchoate interest in all of the other real estate of her husband, and of the release of certain claims secured by mortgage on her husband's real estate, was not a mere separation of the inchoate interest from the lands of her husband so that the same would descend to the husband at her death, under §2671 Burns 1901, but amounted to a purchase, and she could dispose of the same by will or otherwise.

From Grant Superior Court; *Hiram Brownlee*, Judge.

Suit by John H. Miller, trustee, against Jason Willson and others to enjoin defendants from selling certain real estate on execution. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*W. H. Carroll* and *G. D. Dean*, for appellants.
*W. D. Lett*, *O. L. Cline* and *J. L. Custer*, for appellee.

HENLEY, J.—This was an action by appellee against appellants, in which it was asked that appellants be restrained and enjoined from selling the real estate described in the complaint by virtue of an execution then in the hands of the sheriff of the county, which execution had been issued upon a judgment rendered in favor of appellants, Jason, Fred W., and Albert J. Willson, and against one William White.

The appellants answered the complaint in two paragraphs. Both paragraphs of the answer are substantially alike, and the facts stated therein are as follows:. That it is admitted that the Willsons (appellants) obtained a judgment against William White, as averred in the complaint, and that they caused an execution to be issued upon such judgment to the sheriff of said county, and by virtue of said

Willson *v.* Miller.

execution said sheriff levied upon and proceeded to advertise the property described, when he was prevented from further proceedings in the matter by the commencement of this action.     It is further averred that on the 5th day of May, 1897, the said William White was the owner, in his own name and right, of all of the real estate described in the complaint, and other property in said county, and that on said date, while he was the owner of said real estate, the said William White, being in failing circumstances, and being indebted to the said Willsons in a large amount, and having numerous other creditors, he made and executed a deed of general assignment for the benefit of all his creditors, conveying all his property, including the real estate described in the complaint herein, to one Philip Matter as assignee; that at the time said William White made such assignment and executed the conveyance of his real property he was a married man, his wife being named Harriet White, and his said wife did not join her said husband in the conveyance of the real estate to the assignee; that after the appointment of such assignee, and upon a showing by petition filed by the assignee in the superior court of Grant county, Indiana, in which such assignment was then pending, the court ordered and directed the assignee to convey the real estate described in the complaint to the said Harriet White, in lieu of and in consideration of her inchoate interest in all the other real estate of her said husband, William White, which he had conveyed by deed of assignment to said Matter, and for the further consideration that she would release all the claims held by her against the estate of her said husband, William White, which other claims were secured by a mortgage held by her on certain other lands owned by her said husband; that upon such representations so made in the petition aforesaid, the court ordered that the assignee convey the property described in the complaint to the said Harriet White, and that the said Harriet White release

her inchoate interest in all the other real estate owned by her said husband, and conveyed by him to the assignee, by joining with her husband in a deed of conveyance to said assignee for all the real estate owned by him, except that part described in appellee's complaint, and that the mortgage held by said Harriet White be by such conveyance satisfied, and that the satisfaction thereof be entered of record. It is further averred that the mortgage referred to was fraudulent, and that the said William White was not indebted to his wife Harriet in any amount, and that the only purpose of the conveyance above set out was to vest in said Harriet White her inchoate interest in fee simple. It is further averred that after the said Harriet had received the deed of conveyance from the assignee for the land described in the complaint she executed a will, by the terms of which the real estate described in the complaint was devised to one Eliza Jane Smith, trustee, to hold for and to the use of the said William White for and during his natural life, with power and direction given to the trustee to pay the said William White the rents and profits arising therefrom; and that afterward the said Harriet died, testate, leaving her said husband surviving her; and that the said will was duly probated in the clerk's office of Grant county, and the said Eliza Jane Smith, as such trustee, took possession of said real estate under said will, and after the commencement of this action the said Eliza Jane Smith resigned as trustee under said will, and the said John H. Miller was by order of the court appointed in her place. The trial court, upon demurrer filed to the answers, held that they did not state facts sufficient to constitute a defense to the complaint. Appellants refused to plead further, and judgment was rendered against them. The ruling upon the demurrer to the answers is the only question presented to this court.

The contention of counsel for appellants is that the wife, Harriet White, at the time of her death, was holding the

real estate described in the complaint, and which she attempted to dispose of by her will, under a title which came to her through a judicial sale, by which her inchoate interest in her husband's land had become absolute and vested in her. If they are correct in this position, she could not dispose of it by will at her death, but upon her death the title to all the property descended to her husband, William White, and became subject to levy and sale for the satisfaction of his debts. If appellants' first position, that the real estate described in the complaint represents the vested inchoate interest of the wife in her husband's real estate, under §2669 Burns 1901, §2508 Horner 1901, is correct, then the second position assumed by counsel, that such real estate upon the death of the wife would be subject to be sold for the payment of the debts of the husband, would undoubtedly be right. It is provided by §2671 Burns 1901, §2510 Horner 1901, that: "If any married woman shall die, holding real property vested in her by the provisions of this act, during the existence of the marriage in virtue of which she received the same, the whole of such real property shall descend to her surviving husband." The conveyance to Harriet White was the consummation of a sale for a valuable consideration. Two considerations appear. One was the relinquishment of her inchoate interest in the other lands owned by her husband, the other the cancelation of the debts owing by him to her, either of which furnished a valuable consideration. *Phillips* v. *Kennedy,* 139 Ind. 419; *Baldwin* v. *Heil,* 155 Ind. 682; *Jarboe* v. *Severin,* 85 Ind. 496.

If it should be pertinent, how is this court to determine from the answers just what part of the land acquired by the wife was conveyed to her in lieu of her inchoate interest in all the lands owned by the husband, and distinguish it from that part the consideration for which was the debts owing from the husband to the wife, and secured to her by mortgage on the land? If the wife had purchased the un-

divided two-thirds of all the lands at a sale by the assignee, she would have had, with her interest as wife, which would have vested in her by law, a perfect title to all the lands; but the undivided one-third would still have been governed by the statute, and the husband would take it if he survived her. But in the case at bar, at the time the conveyances were made between the husband and wife and the assignee, by which the title to the property in dispute vested in the wife, there had been no judicial sale. A voluntary assignment and conveyance of property by a debtor, for the benefit of all his creditors, to an assignee, is not a judicial sale, and will not entitle the wife of the debtor to have partition. *Hall* v. *Harrell,* 92 Ind. 408.

The wife at such time was not entitled to partition. She could not have her inchoate interest set off to her, but her inchoate interest could be used as a valuable consideration for the purchase of a part of the land. Sales made by the assignee of a debtor of land conveyed to the assignee for the benefit of creditors is a judicial sale. *Lawson* v. *De Bolt,* 78 Ind. 563.

The wife, then, not being entitled to partition, became a purchaser for value when she received the deed from the assignee. It was not a separation of her inchoate interest from the lands owned by her husband and conveyed by the assignee, but a purchase by her of a part of such lands. She thereby acquired a title to the land by sale, at which she was the purchaser, and for which she gave a valuable consideration. The section of the statute heretofore referred to is not applicable to the case at bar. Harriet White had a perfect right to dispose of the land acquired by deed from the assignee, by will or otherwise, as she saw fit. The answers filed were insufficient.

Judgment affirmed.