## BASS ET AL. v. CITIZENS TRUST COMPANY, ADMINISTRATOR.

[No. 4,677.   Filed March 15, 1904.]

TRIAL.—*Special Finding.—Request.—Record.*—A special finding of facts made by the court without request of either party must be treated as a general finding.  On appeal it must affirmatively appear from the record that a request was made, and request will not be implied, and no question based upon a finding made without a request will be considered.  *p. 584.*

FRAUDULENT CONVEYANCE.—*Purchase and Conveyance to Wife.—Wife's Notice of Husband's Fraudulent Intent.*—A complaint which charges that the husband of the defendant borrowed money, purchased real estate with it, had such real estate fraudulently conveyed to her without any consideration, and that she had knowledge of such facts, sufficiently alleges that she had knowledge of his fraudulent intent.  *pp. 585, 586.*

SAME.—*Property Less than Six Hundred Dollars in Value.—Householder.—Answer.*—The fact that a complaint shows that the person making a fraudulent conveyance is a married man, and that the property conveyed is less than six hundred dollars in value, does not show that the property was exempt from execution, and for that reason the conveyance was not fraudulent, for it does not affirmatively appear that he was a householder of this State.  If the property conveyed could have been claimed as exempt from execution, that fact should have been presented by answer.  *pp. 585, 586.*

NEW TRIAL.—*Special Findings.—No Request.*—Where special findings are made without a request for them, assigning in the motion for a new trial that such special findings are contrary to law or to the evidence presents no cause for a new trial.  *p. 586.*

SAME.—*Contrary to the Evidence.*—Assigning that the decision is contrary to the evidence presents no cause for a new trial.  *p. 586.*

SAME.—*Waiver.*—Failure by the appellant to discuss a cause for a new trial is a waiver of such cause.  *p. 586.*

SAME.—*Appeal.—Questions Presented.*—Assigning on appeal that the court erred in overruling the motion for a new trial presents only such questions as are properly presented in the motion.  *p. 586.*

From Lawrence Circuit Court; *W. H. Martin*, Judge.

Action by the Citizens Trust Company, administrator of the estate of Jacob Y. Bates, deceased, against Hugh Bass and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*S. B. Lowe,* for appellants.

*E. K. Dye, J. H. Edwards, W. H. Edwards, T. J. Brooks* and *W. F. Brooks,* for appellee.

WILEY, P. J.—Action by appellee against appellants to set aside a conveyance of real estate as fraudulent, and subject it to the payment of a judgment against Hugh Bass in favor of the estate represented by appellee. The complaint was in one paragraph, to which a demurrer was overruled. Answer in denial. Finding and judgment for appellee. Appellants' motion for a *venire de novo,* a new trial, and to modify the judgment, were overruled. All rulings adverse to appellants are assigned as errors.

There is in the record what purports to be a special finding of facts and conclusions of law stated thereon. In all cases triable by the court, a general finding is authorized by the statute, except where one or both of the parties properly request the court to make a special finding of facts and state its conclusions of law thereon. §560 Burns 1901. In the absence of such request being made, and where it does not affirmatively appear from the record that it was made, and the court makes a special finding of facts, it will be treated as a general finding. Such request will not be implied. Elliott, App. Proc., §732, and authorities there cited. Under the authorities, we can only treat the special finding as a general finding.

All questions attempted to be raised by the record which depend upon the special finding of facts for their determination can not be considered. Appellants' motion for a *venire de novo* was upon the ground that the special finding was so defective, uncertain, and ambiguous that no judgment could be rendered thereon, and that the special finding "set out conclusions of law," and "did not find the

facts." Appellants also excepted to the conclusions of law, and have assigned error predicated thereon. Under the rule stated, these questions will not be considered. This leaves for consideration the sufficiency of the complaint, the motion for a new trial, and the motion to modify the judgment.

The substance of the complaint is that Hugh Bass purchased real estate and had the conveyance made to his wife and co-appellant for the purpose of defrauding his creditors; that at the time of said conveyance said Hugh Bass had no property left subject to execution, nor has he since had; that said Rebecca Bass paid no part of the consideration for said real estate; that said Hugh Bass borrowed of Jacob Y. Bates, now deceased, the sum of $500, which was applied to the payment of the purchase price of the real estate so purchased, and that appellant Rebecca had full knowledge of such facts. The complaint further shows that when Hugh Bass borrowed the $500 he gave a note therefor; that said note had been reduced to a judgment, execution issued thereon, and returned *nulla bona.*

The objections urged to the complaint are: (1) That it affirmatively appears that Hugh Bass had no property except the $500 he borrowed of Bates, and hence that was a less amount than was allowed as an exemption to a resident householder, and his investment of it in real estate, which he had conveyed to his wife, could not be in fraud of creditors. If there is any merit whatever in this contention, it is not available here, for the evident reason that it does not appear from the complaint that he was a resident householder. We can indulge no presumption in favor of a pleading. The allegation is not that he had no property, but that he had no property subject to execution. If a person can create an honest debt by borrowing money and investing it in real estate in the name of his wife, and thus avoid liability, the law is lame and morals are lax. (2) That the complaint is bad as against appellant Rebecca because it does not show that she had any knowledge of the

fraudulent intent of her husband. It charges her with knowledge of the facts, and that she did not pay any part of the consideration. This is sufficient. *Eiler* v. *Crull,* 112 Ind. 318; *Eve* v. *Louis,* 91 Ind. 457; *Hanna* v. *Aebker,* 84 Ind. 411.

Appellants' motion for a new trial assigns the following errors: (1) The special finding is contrary to law; (2) the decision is contrary to law; (3) the special finding is contrary to the evidence; (4) the decision is contrary to the evidence. From the fact that the special findings can not be considered, the first and third reasons are eliminated. The fourth is not designated by the statute as a reason for a new trial, and is unknown to the law. There is but one statutory reason stated for a new trial, and that is the second—that the decision is contrary to law. Appellant has not even stated this reason as one of its points relied upon, and no argument is made in support of it. This is a waiver of the question.

Although the evidence is brought up by a bill of exceptions, its sufficiency to sustain the decision is not presented by the motion for a new trial. Hence the assignment that the court erred in overruling the motion for a new trial can only present such questions as are properly embraced in it. Counsel for appellants have discussed the question of the right of appellant Hugh Bass to an exemption as a resident householder. The question is attempted to be raised by a motion to modify and upon the evidence. If he desired to avail himself of such statutory right, he should have presented such question by answer, and tendered an issue thereon before trial. Having waited until a finding and judgment against him, he has slept on his rights. *Mc-Nally* v. *White,* 154 Ind. 163. Neither is the question presented on the evidence, for it is not assigned as a reason in the motion for a new trial that the decision is not sustained by sufficient evidence.

We find no error. Judgment affirmed.