## BOARD OF COMMISSIONERS OF LAKE COUNTY
### *v.* HAYHURST.

[No. 26,261. Filed January 15, 1936.]

*John H. Underwood, Emmet N. White, Bertram C. Jenkins* and *John W. Lyddick,* for appellant.

*George Hershman, Victor K. Roberts, Joe E. Brown, Franklyn Petry* and *Ray C. Hedman,* for appellee.

HUGHES, J.—The board of commissioners of Lake county filed charges against John H. Hayhurst, appellee, in 1932, who was then the superintendent of the poor asylum of Lake county, asking that he be discharged as such superintendent. He was tried and discharged. He appealed to the Lake Circuit Court, and upon a change of venue being perfected, the cause was sent to the Jasper Circuit Court.

The cause was tried by the court without the intervention of a jury, and a finding and judgment for appellee.

The errors relied upon by the appellant are as follows:

(1) The Jasper Circuit Court erred in overruling the appellant's motion for a new trial.

(2) The court erred in overruling appellant's motion to modify the judgment.

The motion for a new trial set out four reasons as follows:

(1) The decision of the court is not sustained by sufficient evidence.

(2) The decision of the court is contrary to the evidence.

(3) The decision of the court is contrary to law.

(4) The fourth reason assigned is the refusal to admit certain evidence.

Assignment number 2 for a new trial is not proper and presents no question. Section 610, Burns 1926, clause 6; §2-2401, Burns 1933, §369, Baldwin's 1934; *Bass* v. *Trust Co.* (1903), 32 Ind. App. 583, 70 N. E. 400.

The appellant contends that the decision of the court is not sustained by sufficient evidence. The evidence in this case was passed upon by the trial court and it was the duty of the court to pass upon the credibility of the witnesses and the weight of their testimony and to draw inferences therefrom. There was evidence to sustain the finding of the trial court, and, in such case, even if the nature of the evidence was such that different persons might reasonably arrive at a different conclusion from that reached by the trial court, the finding could not be set aside for that reason. This court will not weigh the evidence. *Conrad* v. *Hansen et al.* (1908), 171 Ind. 43, 85 N. E. 710.

It is insisted by appellant that the court erred in sustaining appellee's objection to the introduction of appellant's Exhibit No. 1. We will consider this question although it is not properly presented in appellant's brief. Under points and authorities no objection is raised by appellant as to this alleged error of the court. It is, however, set out in the motion for a new trial and in the argument. The question is really waived by the appellant.

Exhibit No. 1 purported to be a letter, signed by two of the county commissioners, containing certain rules and regulations to be observed by the superintendent of the county farm. In the original brief of the appellant, the offer to prove the contents of Exhibit No. 1 was not properly presented and the appellant asked leave to file an amended brief on this proposition which was granted and an amendment to the original brief was filed.

The amended brief shows that Mr. Underwood, one of the attorneys for the appellants, offered in evidence Exhibit No. 1 and asked that it be read in evidence. The attorney, Mr. Hershman, for appellee objected to the introduction of said exhibit

and the objection was sustained. Mr. Underwood stated before a ruling was made that he wanted to make his offer to prove. The record shows the objection had already been sustained. He then made his offer to show what the letter contained and then proceeded to ask other questions of the witness and no ruling was made by the court upon the admission of Exhibit No. 1. The amended brief on page eight, shows that, "Objection sustained to which appellant duly excepted." We fail to find any such record after a very thorough examination and therefore no question is presented as to this question.

One of the assignments of error is that the court erred in overruling appellant's motion to modify the judgment. This assignment is not set out under points and authorities, nor discussed, and is therefore waived.

The appellant also attempts to raise the question in its brief that the record fails to show that appellee filed a bond with the auditor of Lake county when the cause was appealed to the Lake Circuit Court. No assignment of error was filed as to this question. However, as said in the case of *Demaree et al.* v. *Johnson* (1897), 150 Ind. 419, 50 N. E. 376, there is no requirement that this bond or a copy thereof shall be made a part of the record in the circuit court. The statute, in reference to an appeal from the board of commissioners, provides that:

"Such appeal shall be taken within thirty [30] days after the time such decision was made, by the appellant filing with the county auditor a bond, . . . to be approved by the county auditor, . . ."

Section 5977, Burns 1926, section 26-902, Burns 1933, section 5278, Baldwin's 1934.

The statute further provides:

"Within twenty [20] days after the filing of such an appeal bond, the auditor shall make out a complete transcript of the proceedings of said board relating to the proceeding appealed from, and shall deliver the same, and all the papers and documents filed in such proceeding and the appeal bond, to the clerk of the court to which the appeal is taken."

Section 5978, Burns 1926, section 26-903, Burns 1933, section 5279, Baldwin's 1934.

As said in the Demaree case (p. 421):

"The bond is no part of those proceedings; but simply to be transmitted to the clerk with the other papers and documents. In the absence of any showing to the contrary, and of any objection taken in the court below, we must presume that the bond was filed with the auditor and delivered to the clerk, as required by statute, and that the court therefore rightfully assumed jurisdiction of the appeal from the county board."

Nowhere in the record do we find it asserted that no bond was filed as required. We do find that appellants filed a motion to dismiss the appeal and in the memoranda attached it is stated that, "No affidavit of interest was ever at any time filed by John H. Hayhurst." It is only where the party appealing is not a party to the proceeding that such an affidavit is required to be filed and therefore this provision of the statute is not applicable here. Section 5976, Burns 1926, section 26-901, Burns 1933, section 5277, Baldwin's 1934.

Finding no available error, the judgment is affirmed.

Judgment affirmed.