DEMING HOTEL COMPANY, A CORPORATION, *v.*
SISSON, ET AL.

[No. 27,313. Filed January 29, 1940. Rehearing denied March 4, 1940.]

588

*Beasley, O'Brien, Lewis & Beasley* of Terre Haute; *Kelley & Ryan* of Valparaiso; and *J. Wilfred Niemiec* of South Bend, for appellant.

*Loring & Douglas, James J. McGarney,* and *Owen L. Crumpacker,* all of Valparaiso, for appellees.

SWAIM, J.—This is an action by the Deming Hotel Company against Perry L. Sisson, Pioneer Company, an Indiana corporation; Effie M. Sisson, Perry L. Sisson, Jr., Maurine Sisson and Agnes M. Sisson, to enjoin the selling or transfer of stock of said Pioneer Company and to set aside, on the ground of fraud, certain transfers of said stock made by Perry L. Sisson to the other individual defendants.

The findings of fact disclose that on October 2, 1922, said Pioneer Company was incorporated and certain

real estate owned by said Perry L. Sisson and Effie M. Sisson, his wife, as tenants by the entireties, together with other real estate owned by Perry L. Sisson individually, was conveyed to said corporation, all pursuant to a prior plan and agreement between said Sisson and his said wife, to provide for the distribution of the income from said real estate to his said wife and to their daughter, Agnes M. Sisson, during the lives of said wife and daughter, and then to his grandchildren, Perry L. Sisson, Jr., and Maurine Sisson. As another step in said plan said Sisson, his wife and daughter, on May 12, 1925, entered into certain written trust agreements with the First Trust Company of Valparaiso, Indiana, trustee, pursuant to which trust agreements all of the certificates of stock of said Pioneer Company were delivered to said trustee, endorsed in blank, and are still all so held by said trustee. All of the dividends and earnings from said stock have been distributed by said trustee to the beneficiaries under said trust, pursuant to the terms of said trust agreements. Although the stock certificates were issued in the name of Perry L. Sisson and the stock still stands in his name on the books of the corporation, he has never been in possession of said stock certificates since they were issued and has received no dividends or income whatsoever thereon. On June 11, 1930, the said Perry L. Sisson made a written assignment of any interest he might then have in said corporate stock of said Pioneer Company to his grandchildren, Perry L. Sisson, Jr., and Maurine Sisson. This assignment was entitled "Assignment of Reversion" and it is the only assignment which the appellant is seriously attacking. Sisson received no monetary consideration for said assignment but made it for the purpose of "carrying out and completing the agreement of trust made by

and between the defendant, Perry L. Sisson, and his wife, the defendant, Effie M. Sisson, and for the consideration moving to the defendant, Perry L. Sisson, with love and affection." At the time of said assignment the said defendant, Perry L. Sisson had property in different places including certain stock in another company, the total value of which stock and other property is not shown by the findings.

In July, 1927, a partnership, of which the said Perry L. Sisson was a member, entered into a lease with the Deming Hotel Company by the terms of which the lessee (partnership) agreed to pay certain rentals over a period of ten years. On January 1, 1930, there was a default in the payment of the rent due under said lease and on September 22, 1932, judgment was rendered in favor of said Deming Hotel Company against said Perry L. Sisson for the sum of $10,625.25 in an action filed January 10, 1931, to recover the rental due on said lease. Two executions issued on said judgment were returned unsatisfied on account of there being no property found on which to make a levy.

There was no attempt on the part of the plaintiff, Deming Hotel Company, to show the amount of the total indebtedness of said partnership or to show the value of the assets of said partnership.

The court expressly found that at the time of the assignment by said Sisson to his grandchildren he did not know of the default in the payment of the rental under said lease; and that the assignment to his grandchildren was made without intent to defraud this plaintiff.

The court's conclusions of law were (1) that the law in this case is with the defendants, (2) that the judgment of the plaintiff against Perry L. Sisson is not a lien on said stock, (3) that the rights of the defendants

Effie M. Sisson, Perry L. Sisson, Jr., and Maurine Sisson are superior to the judgment of the plaintiff, and (4) that said three last named defendants are the real owners of said stock. Judgment was entered for said defendants accordingly.

The appellant assigned as error the court's four conclusions of law and the overruling of the motion for new trial, which assigned eleven reasons for a new trial.

The fifth reason assigned for a new trial was the alleged error of the court in sustaining the objection of the defendants to a question asked of the defendant, Perry L. Sisson. Any possible question on this assignment has been waived by failing to consider it in the Points and Authorities of appellant's brief.

The last six grounds of said motion for new trial questioned the action of the trial court in the admission of certain evidence. Each of said grounds in said motion sets out the question, states that the witness was permitted to answer the question over the objection of plaintiff, and that an exception was taken to the court's ruling, but fails to show the grounds of the objection or the answer given, if any. In the case of *Brown* v. *State* (1939), *ante* p. 106, 23 N. E. (2d) 267, this court held that when error is predicated on the admission of testimony the motion for a new trial must set out the question and answer, if there was one, or the substance thereof, the objection urged below, the ruling of the court thereon and that an exception to such ruling was taken. Since the motion for new trial in this case failed to state the objections and the answers, or the substance thereof, no question is presented on the admission of such evidence.

This court has repeatedly held that the silence of the

special findings on any fact is equivalent to an express finding against the party having the burden of proving such fact. *State Bank* v. *Backus* (1903), 160 Ind. 682, 693, 67 N. E. 512; *Peele* v. *Ohio & Ind. Oil Co.* (1902), 158 Ind. 374, 379, 63 N. E. 763.

The appellant, seeking to set aside the assignment of the stock herein, alleged that it was "made without consideration for the purpose of defrauding the creditors of the said Perry L. Sisson, including this plaintiff, and for the purpose of hindering and defeating the collection of this plaintiff's claim and judgment." Appellant contends that the assignment was a voluntary assignment without consideration. The burden was on the appellant to prove that there was no consideration for said assignment. The court found that there was no monetary consideration received by said Sisson, but this, of course, is not sufficient to support appellant's contention. The Court expressly found that the assignment was made for "the consideration moving to the said defendant, Perry L. Sisson, with love and affection . . . and that said assignment was made for the purpose of carrying out the original intention of the parties expressed in the trust agreements with Effie M. Sisson and Agnes Sisson dated May 12, 1925, and which plan had been formulated and discussed by and between them prior to said date." This must be taken as a finding that there was consideration for the assignment rather than a finding that the assignment was voluntary.

If the above language of the findings could be interpreted as a finding that the assignment was without consideration, it would still have been incumbent on the appellant to show that the assignment was made "with the intent to hinder, delay or

defraud, creditors." Section 33-412, Burns' 1933, § 8384, Baldwin's 1934, expressly provides that no such conveyance shall be adjudged fraudulent against creditors solely on the ground that it was not founded on a valuable consideration and that the question of fraudulent intent shall be deemed a question of fact.

The appellant proved that the court found that executions issued on the appellant's judgment were returned unsatisfied. This is not sufficient. One seeking to set aside a conveyance as fraudulent must also prove that at the time of the conveyance the debtor did not have enough property left subject to execution, to pay his debts. Proof of the insolvency of the debtor at the time judgment is rendered does not shift to the debtor the burden of proving that he was solvent at the time a prior conveyance was made. *Nevers* v. *Hack* (1894), 138 Ind. 260, 37 N. E. 791. There is no finding herein that at the time of the assignment in question said Sisson did not have sufficient other property subject to execution to pay all of his debts. The court found "that at the time of said assignment said defendant, Perry L. Sisson, had property in different places, that he owned five bonds of the denomination of one thousand dollars each" which bonds were in default and were subsequently merged into the stock of another company, which has paid some dividends. This is the only finding as to the property he owned at the time of the assignment. There is no finding as to the total value of the said defendant's property at that time. The findings on this question also fall far short of sustaining appellant's contention.

It is also to be noted that at the time the assignment was made the appellant's claim was only a claim for

rent against the partnership of which Sisson was a member. It is well settled that, as a general rule, partnership property must be first applied to the payment of partnership debts before the individual property of the partners is taken. If the partnership property subject to execution was sufficient to pay all the partnership debts it is difficult to see how partnership creditors could be defrauded by one of the partners making a voluntary conveyance of his individual property. The good faith of the transaction must be determined as of the time of such transaction. It, therefore, follows that the appellant, being a partnership creditor, in order to maintain this action, was also required to prove that at the time of the assignment the partnership was insolvent, or in such danger thereof that Sisson would have been bound to have knowledge of such danger. *Hardy* v. *Mitchell* (1879), 67 Ind. 485. The special findings contained no finding as to the assets of the partnership either at the time of the assignment, or at the time the suit was filed.

While the fact that a conveyance was without consideration and the fact that a conveyance left a debtor with insufficient property, subject to execution, to pay his debts have been spoken of as constituting badges of fraud, this court has held that since the question of fraudulent intent is a question of fact, special findings which do not find such fraudulent intent as a fact do not support a judgment setting aside a conveyance because of such fraud. *Hosanna* v. *Odishoo* (1935), 208 Ind. 132, 139, 193 N. E. 599. In this case the special findings expressly found "that the assignment to the grandchildren was made without intent to defraud this plaintiff." The special findings herein support the conclusions of law and the judgment for the appellees entered thereon.

Nor can we disturb the finding of the court in favor of the validity of the assignment on the ground that it was not sustained by sufficient evidence. On this question we must also keep in mind that the burden was on the appellant to prove not only that the assignment was without consideration, but that it was made with intent to defraud. Appellant seriously questions the sufficiency of the evidence only on the matter of consideration for the assignment. Appellant insists that all of the evidence conclusively shows that the assignment was without consideration. While the evidence on this point was not clear and was somewhat contradictory there was some evidence tending to show that the assignment was made to carry out an agreement between Sisson and his wife made at the time they conveyed their property to the corporation. If this assignment constituted a final step in the performance of a valid contract the assignment was not without consideration.

We find no reversible error. The death of the appellee, Perry L. Sisson, during the pendency of this appeal having been suggested, the judgment is affirmed as of date of submission.

NOTE.—Reported in 24 N. E. (2d) 912.