WESTFIELD *v.* GENERAL FINANCE CORPORATION

[No. 18,220. Filed February 28, 1952.]

*John Browder* and *J. A. Moran,* both of Indianapolis, for appellant.

*Paul P. Scharffin* and *Arthur J. Iles,* both of Indianapolis, for appellee.

MARTIN, J.—Appellant brought this action to recover damages for alleged false imprisonment. Trial resulted in a judgment for the defendant. From this judgment the appeal was taken.

The court made its findings of fact and stated its conclusions of law as follows:

"1. Plaintiff is an individual residing in the city of Indianapolis, Marion County, Indiana.

"2. Defendant is a corporation duly organized and existing under the laws of the State of Michigan and, as such, authorized to conduct a general finance business by the secretary of State of Indiana and the Regulations of the Department of Financial Institutions of Indiana in the City of Indianapolis, Marion County, Indiana.

"3. Plaintiff was in possession of one Ford automobile which she had previously purchased pursuant to the terms of a Conditional Sales Contract which had been duly assigned by the original seller to defendant prior to the acts complained of in the complaint, and was in default of certain of the terms and conditions of said Conditional Sales Contract prior to the 3rd day of May, 1949.

"4. On the 3rd day of May, 1949, defendant repossessed the aforesaid vehicle and took the same into its own possession. After defendant had repossessed said vehicle plaintiff, against the objections and will of defendant's agents, wilfully, voluntarily and by force entered the body of said vehicle and refused to remove her person therefrom although repeatedly demanded by defendant's agents so to do. No physical or other duress was used by any person or persons whatever to restrain plaintiff of her liberty and she remained in said vehicle entirely voluntarily and over the objections of defendant's agents and wilfully and arbitrarily refused to remove herself therefrom.

"5. Defendant's agents transported said vehicle to the Pennsylvania Motor Inn, located at 1450

North Pennsylvania Street, Indianapolis, Marion County, Indiana, and caused the same to be stored thereat. Thereupon plaintiff voluntarily relinquished her position and departed said premises.

## "CONCLUSIONS OF LAW

"Upon the foregoing facts specially found by the Court, the Court now enters the following Conclusions of Law, to-wit:

"1. That the law is with the defendant and the plaintiff is not entitled to recover of and from the defendant.

"2. That the law is with the defendant and it is entitled to recover of and from the plaintiff its costs herein laid out and expended."

The assignment of errors which the appellant relies upon for reversal are: That the court erred in its special findings of fact and conclusions of law; the court erred in overruling appellant's motion for a new trial.

The motion for a new trial sets out eight reasons which are as follows:

"1. That the decision of the court is not sustained by sufficient evidence.

"2. That the decision of the court is contrary to law *and* to the evidence.

"3. That the decision of the court is contrary to the facts put in issue by the pleadings of the parties which cannot by aided by the pleadings.

"4. That the court admitted immaterial, irrelevant and incompetent evidence at the trial of this said cause.

"5. That the decision of the court is based upon immaterial, irrelevant and incompetent evidence.

"6. That the court erred by insisting upon the defendant giving testimony which was wholly irrelevent, incompetent and immaterial to the issues made up by the pleadings upon which the court based its findings of facts.

"7. That the court erred in questioning plaintiff and defendant upon matters wholly immaterial, irrelevant and incompetent upon which it based its special findings of facts.

"8. That the court erred in its conclusions of law in that such conclusions legalized the commission of acts which long and well established principles of law, both statutory and common, hold to be illegal, namely, acts which constitute a breach of the Peace."

Reason number 3 does not set forth a ground or cause for a new trial, is not a proper assignment and presents no question. *Board of Comm. Lake County v. Hayhurst* (1936), 209 Ind. 416, 199 N. E. 258; *Dugan v. Dugan* (1945), 115 Ind. App. 329, 58 N. E. 2d 936.

Reasons 4, 5, 6 and 7 present no question and may not be considered on appeal. Both this and the Supreme Court have repeatedly held that where the objections to the admission of evidence and the rulings thereon are not set out in the motion for a new trial no question is presented for review on appeal. *Coleman v. New York, Chicago & St. Louis R. Co.* (1951), 121 Ind. App. 616, 101 N. E. 2d 721; *Kimmick v. Linn* (1940), 217 Ind. 485, 29 N. E. 2d 207; *Deming Hotel Co. v. Sisson* (1940), 216 Ind. 587, 24 N. E. 2d 912; *Wagner v. Howard Sober, Inc.* (1949), 119 Ind. App. 617, 86 N. E. 2d 719, 87 N. E. 2d 888; *Loehr v. Meuser* (1950), 120 Ind. App. 630, 93 N. E. 2d 363.

The only proper statutory causes or reasons assigned in appellant's motion for a new trial are, "1. That the decision of the court is not sustained by sufficient evidence," and "2. That the decision of the court is contrary to the law. . . ." That portion of specification 2 of the motion for a new trial that "the decision of the court is contrary to . . . the evidence," is

not a proper assignment for a new trial and presents no question. *Board of Comm. Lake County* v. *Hayhurst, supra.*

The court's findings number 3 and 4 were partially based upon the admission of the conditional sales contract and appellee's rights, powers, duties and privileges thereunder. The conditional sales contract is not in the bill of exceptions. This court cannot, therefore, possibly determine any questions respecting the rights, powers or privileges afforded appellee thereunder to retake possession of said automobile. Where the decision of the court is challenged on appeal as being contrary to law or not sustained by sufficient evidence, to present any such question on appeal, the bill of exceptions must contain all the evidence. Burns' 1933, 1946 Replacement, §2-3108; *Fleenor* v. *State* (1928), 200 Ind. 165, 162 N. E. 234; *Wolf Hotel Co.* v. *Parker* (1928), 87 Ind. App. 333, 158 N. E. 294; *State ex rel. Johnson* v. *Boyd,* v. *Viets,* v. *Krack* (1940), 217 Ind. 348, 28 N. E. 2d 256; *Jones* v. *Foley* (1889), 121 Ind. 180, 22 N. E. 987.

That part of appellant's assignment of error number 1 that, "the court erred in its special findings of facts," is not a proper assignment of error and presents no question. It can only be raised in a motion for a new trial. *Kruger* v. *Duckwall* (1922), 78 Ind. App. 577, 134 N. E. 895, and authorities there cited.

The only question before the court is whether the court stated correctly the law in its conclusions as applied to the facts found by the court. For the purpose of exceptions to conclusions of law on appeal, the facts found by the court are admittedly supported by the evidence and true. *Ray* v. *Baker* (1905), 165 Ind. 74, 74 N. E. 619; *Sputh* v. *Francisco*

*State Bank* (1938), 105 Ind. App. 149, 13 N. E. 2d 880. We are of the opinion that the trial court's conclusions of law, based on the special findings of fact, were correctly stated.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 2d 136.