### THE JEFFERSONVILLE RAILROAD COMPANY v. LANHAM.

EVIDENCE.—EXPERTS.—On the trial of an action for the price of cross-ties furnished to a railroad company, the defense being that the ties were not of a good quality, one witness called by the plaintiff to prove the quality of the ties, stated that he had been road-master of another railroad, and as such it had been his duty to inspect and receive ties; and another witness, called for the same purpose, stated that he had made and sold cross-ties to the defendant.

*Held*, that the witnesses had sufficient knowledge of the subject to make them competent witnesses as to the quality of the ties.

APPEAL from the *Bartholomew* Common Pleas.

ELLIOTT, J.—*Lanham*, the appellee, sued the railroad company for the price of a quantity of cross-ties furnished by him to the company. The complaint was in two paragraphs. The first was for one hundred and forty-seven good, merchantable ties, to be paid for on delivery, at forty-five cents each, with an averment that said ties were received and used by the company; and also for the further number of three hundred and fifty-seven good, merchantable cross-ties furnished to the railroad company, at the special instance and request of said company, to be paid for on delivery, at forty-five cents each, with an averment that said

ties were delivered to the company, and were marked and received by its agent. The second paragraph was for the sum of $226 80, the price and value of five hundred and four good, merchantable cross-ties, sold and delivered by the plaintiff to the defendant, to be paid for on request. Answer: 1. General denial. 2. Payment. 3. As to the one hundred and forty-seven ties mentioned in the first paragraph of the complaint, that they were not good, merchantable ties, and that the defendant refused to receive them at the contract price, and thereupon the plaintiff agreed to take forty cents per tie therefor; that the defendant then paid to the plaintiff, under said agreement, forty dollars, and before the commencement of the suit tendered to him eighteen dollars and eighty cents, the residue unpaid on said ties, at forty cents per tie, which the defendant refused to receive, and which sum the defendant brought into court. Replication in denial of the second and third paragraphs of the answer. Trial by jury, and verdict for the plaintiff for $186 84. Motion for a new trial overruled, and judgment. The railroad company appeals.

On the trial of the cause, the plaintiff introduced two witnesses who had examined the cross-ties in controversy, for the purpose of proving their quality. One of them stated that some years previous to the trial he was road-master on the *Columbus and Shelbyville Railroad*, and that as such it was his duty to inspect and receive ties for that road, and that he had seen the ties in question. The other witness stated that he had formerly sold cross-ties to the defendant, and that he had seen the ties in controversy. The witnesses were then permitted by the court, over the objection of the defendant, to give their opinion as to the quality of the ties in question. Each testified that, in his opinion, they were number one, merchantable ties. The objection urged to the evidence at the time was, that it did not appear that the witnesses were qualified to testify as experts. The same objection is urged in this court. We do not think the court erred in admitting the evidence.

The subject of the evidence is not one to which the doctrine in reference to experts applies with any peculiar force. Very little knowledge or experience is required to enable a witness, of common understanding, to judge of the quality of a cross-tie. A knowledge of the requisite quality or kind of timber, and of the proper dimensions, is all that is required to make a competent expert in such case. It was easy for the appellant to test the value of the evidence on cross-examination.

The refusal of the court to give an instruction asked by the defendant is also urged as error. The evidence in the case, and the instructions of the court to the jury, are in the record. We have examined them, and find that the case was given to the jury under very full and fair instructions, not unfavorable to the defendant, and covering every material point in the case; and we think the verdict is sustained by the evidence. We find no error in the record to justify a reversal. The judgment must therefore be affirmed.

The judgment is affirmed, with costs, and ten per cent. damages.

*S. Stansifer* and *F. Winter*, for appellant.

*J. N. Kerr*, for appellee.