MARGARET CALDER AND JAMES MORAN v. THOMAS MORAN.

*Trust in personalty—Oral acknowledgment—Consideration.*

A trust in personalty need not be in writing.

An oral understanding with an absolute grantee that he shall hold the land for the benefit of the grantor and his family, is of no effect even though the grantee repeatedly declares and acknowledges the trust. Nor will he be liable for the mere appropriation of the proceeds of the land if he sells it to a third person. But if after such conversion he declares that he holds the proceeds in trust for the grantor, and by his acts recognizes his duty and their right, *it seems* that the fact that the land itself, according to his former acknowledgment, was held in trust, will operate as a good consideration to uphold his subsequent declarations and admissions, and will make him a trustee of the proceeds.

Appeal from Berrien. Submitted June 14. Decided June 27.

BILL to establish trust and for accounting. Defendant appeals. Affirmed.

*James A. Kellogg* for complainants. Although a conveyance of land with a parol trust to hold for the grantor's benefit be not enforceable, a parol declaration of trust by the grantee, after its conversion into money, will impress the proceeds with the trust: *Maffitt v. Rynd* 69 Penn. St. 380; *Tracy v. Tracy* 3 Bradf. (N. Y.) 57; the acknowledgment in an answer in chancery of a parol trust in real estate, will satisfy the requirements of the statute of frauds: *Patton v. Chamberlain* 44 Mich. 5; a trust in personal property may be declared by parol: *Bostwick v. Mahaffy* 48 Mich. 342; if a written acknowledgment of a parol trust in lands will satisfy the statute, an oral acknowledgment after conversion into personal property, is sufficient: *Day v. Roth* 18 N. Y. 453; *Davis v. Coburn* 128 Mass. 377; *Gerrish v. New Bedford Inst.* 128 Mass. 163; *Ray v. Simmons* 11 R. I. 266: 23 Am. Rep. 447; *Willard's Eq. Jur.* (Potter's ed.) 423; and declarations may be taken

as evidence of the trust, and the relation of the parties to the property furnish a sufficient consideration to support it : *Proseus v. McIntyre* 5 Barb. 425–435 ; *Chapman v. Porter* 69 N. Y. 276–278 ; where a trust is declared, whether in a third person or the donor, it is not essential that the property should be possessed by the *cestui que trust*, or that the latter should be informed of the trust : *Martin v. Funk* 75 N. Y. 134, 138 ; *Ellis v. Secor* 31 Mich. 185 ; a trust in notes and mortgage may be declared verbally and proved by parol : *Hooper v. Holmes* 11 N. J. Eq. 122 ; *Eaton v. Cook* 25 N. J. Eq. 55 ; *Danser v. Warwick* 33 N. J. Eq. 133 ; *Childs v. Jordan* 106 Mass. 321 ; long continued possession of real estate by the grantor will raise a presumption of a trust : *Gay v. Hunt* 1 Murphey (N. C.) 141 : 3 Am. Dec. 681 ; *Moyer v. Moyer* 21 Hun 67.

*Edward Bacon* for defendant. No parol trust in land can be a consideration to sustain a plain and positive contract to pay the proceeds of the sale of the land : *Liddle v. Needham* 39 Mich. 147 ; *Scott v. Bush* 26 Mich. 419 : 29 Mich. 523 ; *Hall v. Soule* 11 Mich. 495 ; *Marshman v. Conklin* 21 N. J. Eq. 548.

GRAVES, C. J. In 1856 James Moran and wife conveyed to Thomas Moran a parcel of land in Niles of a little more than an acre. The deed was in form absolute. James died in December, 1862, and his widow in 1872. There were four children, two of whom died early and without having been married. The complainants are the survivors.

The family occupied the premises as a homestead until the death of Mrs. Moran, and subsequently, and in 1873, the defendant sold the property to one Smith for $1000. He received a part of the price in money ; the rest was secured by mortgage.

In December, 1880, complainants filed this bill. It claims that defendant paid nothing for the land ; but took it to hold in trust for the grantor, his wife and children, and that he made repeated oral declarations of the trust during the time he held the title. It is not pretended that any written

evidence of the trust ever existed. It is then further alleged that on converting the property to personal and on many occasions afterwards the defendant declared in words and acknowledged by conduct that said proceeds were held by him in trust for complainants. The defendant is asked to account and pay over to complainants the balance found to be their due.

The theory of the case is that the trust in the real estate, though not enforceable, was sufficiently grounded in morals to afford consideration to support the parol declarations and acknowledgments that the proceeds in personalty were held in trust. The answer denied the trust and objected that the bill stated no case in equity.

The chief testimony on the merits was given by the female complainant and her husband, and her brother, the other complainant. The defendant offered no evidence on the merits. He refrained from all explanation. The proof fully sustained the theory of the bill. That the title to the land was given to the defendant as the alleged trust is a fact fully established by the circumstances, and the proof is undoubted of his statements and admissions subsequent to the sale that he held the proceeds for the complainants, who had come to be the sole surviving beneficiaries, and he felt so strongly the weight of the obligation that he actually paid Mrs. Calder $50 in money and $200 in a span of horses.

In October, 1881, the court made an interlocutory decree for an accounting and both parties took part, and in January last the commissioner made his report and stated a balance due from defendant of $1210.70. The defendant filed certain exceptions to the report, but on the 23d of the same month they were overruled and the court made a final decree confirming the report and ordering the defendant to pay complainants the sum so reported their due. The defendant appealed.

The exceptions were devoid of merit and they call for no discussion. The fact that defendant held the land on an oral understanding that the whole benefit of it should inure to complainants' father and his family, and that the defend-

ant repeatedly declared and acknowledged the trust, would avail nothing. Neither would the fact of holding the proceeds subsequent to the conversion have been of any consequence to render the defendant liable. Yet the conversion having actually taken place and the defendant having fully and distinctly declared the proceeds to be in trust for complainants and having recognized his duty and their right by his acts, may not the antecedent fact that the land, according to his own statements and confessions, was taken and held in the same way be allowed to operate as a good consideration in conscience to uphold his declarations and admissions by conduct relative to the personal proceeds of the land, and fix upon him the character of a responsible trustee of that personalty? No writing is required for a trust in such property and no good reason is perceived for a negative reply to this question.

On the whole we think the case may rightly have the equitable effect given to it by the court below, and the decree is affirmed with costs.

The other Justices concurred.