Mohn v. Mohn.

———◆———

No. 12,979.

## MOHN v. MOHN.

TRUST.—*Parol.—Real Estate.—Proceeds of Sale.*—An express trust in land can not be established by parol; but a parol agreement to hold the proceeds of a sale of the land in trust for another is valid, if upon a sufficient consideration.

SAME.—*Consideration.—Equitable Obligation.*—Such an equitable obligation arises out of an agreement of a grantee to hold the land in trust for the grantor as constitutes a sufficient consideration for a subsequent agreement to hold the proceeds of a sale of the property in trust for such grantor.

From the Huntington Circuit Court.

*J. M. Hiltebrand* and *G. W. Stults*, for appellant.

*J. B. Kenner*, for appellee.

ZOLLARS, C. J.—Appellant has assigned as error the sustaining of a demurrer to his complaint.

In the first paragraph the following are stated as facts: Appellant was the owner of a tract of land. Appellee requested him to convey it to a third person in order that it might be conveyed to her. · At the same time she agreed that if he would do so she would hold the land in trust for him,

and that, if it should be sold by her, she would hold the pro-- ceeds in trust for him. Relying upon that agreement, which was in parol, appellant conveyed the land to the designated third person, and caused him to convey it to appellee. She afterwards sold it, and refused, and still refuses, to account for the proceeds. A personal judgment is sought for the amount realized from the sale.

Why the land was conveyed to appellee through a third person instead of direct from appellant does not appear. No trust was declared in any of the deeds of conveyance. Very clearly, to our minds, the paragraph of complaint under consideration must be regarded as an attempt to establish an express trust in land by parol. That can not be done. *Mescall* v. *Tully*, 91 Ind. 96.

If, in addition to the facts alleged, there had been the further allegation that, after the sale of the land by appellee, she agreed to hold the proceeds in trust for appellant, we should have a case within the ruling in the case of *Calder* v. *Moran*, 49 Mich. 14.

Upon such a state of facts, under the ruling in that case, appellant might recover.

The money received for the land is personal property. A trust in personal property may be created and established by parol.

The second paragraph of the complaint is, in substance, the same as the first, except that it does not contain the averment that, at the time appellee agreed to hold the land in trust, she also agreed that in the event of a sale she would hold the proceeds in trust for appellant; and except the additional averment that, after she had received her deed for the land, she requested appellant to join with her in a deed of conveyance to the person to whom she had sold the land, and agreed that if he would do so she would hold the proceeds in trust for him, etc.

We know of no reason why this latter agreement may not.

be enforced, if it is supported by a sufficient consideration. See *Hon* v. *Hon*, 70 Ind. 135.

As we have already determined, in a legal point of view appellee held and owned the land absolutely and free from any trust. From the whole transaction, as stated in the complaint, there is ground for conjecturing that the parties were husband and wife, but there is no averment directly or indirectly that they were. That they were, is not claimed in the briefs. For aught that is made to appear, there was no necessity at all for appellant to join with appellee in the deed to her vendee. For aught that is made to appear, she could have conveyed the title to the land just as well and just as effectually without his signature as with it. And, for aught that is made to appear, his joining in the deed would neither injure nor benefit either party.

The agreement of appellee to hold the proceeds of the sale in trust for appellant was, therefore, without consideration, unless it be said that there was an equitable obligation arising out of the original agreement to hold the land and the proceeds of the sale of it in trust, and that that equitable obligation may be treated as a sufficient consideration. See *Waldron* v. *Sanders*, 85 Ind. 270; *Buchanan* v. *Lee*, 69 Ind. 117; *Westerfield* v. *Kimmer*, 82 Ind. 365.

Regarding the averments of the complaint as true, as the demurrer admits them to be, we think that there was such an equitable obligation on the part of appellee, and that that obligation was a sufficient consideration to support the agreement by her to hold the proceeds of the sale in trust for appellant. In that conclusion we are fully supported by the case of *Calder* v. *Moran, supra*. See, also, *Wills* v. *Ross*, 77 Ind. 1 (40 Am. R. 279); *Post* v. *Losey*, 111 Ind. 74.

Our conclusion renders it necessary to reverse the judgment, with costs, and to remand the cause, with instruction to the court below to overrule the demurrer to the second paragraph of the complaint.

Filed Nov. 15, 1887.