## JOHNSON v. ALLISPAUGH ET AL.

[No. 8,474. Filed February 10, 1915.]

1. NEW TRIAL.—*Grounds.*—*Form of Assignment.*—That "the decision of the court is contrary to the evidence and is not supported by sufficient evidence" is not a proper assignment of cause for new trial, but an assignment that the decision is not "supported" by sufficient evidence is equivalent to the statutory ground that the decision is not sustained by sufficient evidence. p. 90.

2. APPEAL.—*Review.*—*Evidence.*—*Sufficiency.*—The decision of the trial court adverse to one seeking recovery for money alleged to have been paid in satisfaction of a note secured by mortgage on church property, and on a claim against the church for lumber and material, although perhaps not supported by direct evidence showing that the claim was paid, was supported by sufficient evidence where it appeared that the statute of limitations had run against the amount, if any, that was owing, and there was no written acknowledgment or promise to pay the debt so barred. p. 90.

3. APPEAL.—*Review.*—*Findings.*—*Conclusiveness.*—The finding of the trial court that the title to certain church property was vested in the general conference and that it did not, by virtue of a sale in satisfaction of municipal improvement assessments, pass from such conference to a member of the church who purchased at such sale for the protection of the church, nor to a local conference to whom he later transferred the record title, but that he and such local conference held the property as trustees, was a finding on questions of fact, and, having some evidence in its support, was conclusive. p. 91.

4. MORTGAGES.—*Assignment.*—*Foreclosure.*—An attorney to whom certain mortgages and notes secured thereby were assigned for collection, but who never held the property therein can not recover thereon after his employment as attorney has been terminated. p. 92.

From Huntington Circuit Court; *Samuel E. Cook*, Judge.

Action by Henry Walters against George Keefer and others, in which Albert G. Johnson was later substituted as plaintiff. From the judgment rendered, Albert G. Johnson appeals. *Affirmed.*

*Thomas G. Smith* and *Watkins & Butler*, for appellant.

*S. M. Sayler* and *Alvah Taylor*, for appellee.

IBACH, J.—This action was originally brought by Henry Walters against George Keefer and others who were trustees of appellee Aetna Avenue Church of the United Brethren in Christ Church, to foreclose certain mortgages. Albert G. Johnson, appellant, as assignee was substituted as plaintiff in place of Walters. As amended, said complaint, which was in two paragraphs, also declared that appellant had been compelled to pay the sum of $287.25 to redeem the mortgaged property from tax sale. A third paragraph of complaint was filed in which appellant declared against appellee church on an open account for labor, work, material and money furnished. Appellee Edwin Allispaugh, executor of the last will of Henry Walters, after his motion to be substituted as a party plaintiff was denied, filed certain answers, and four paragraphs of cross-complaint. Daniel K. Flickinger, the city of Huntington, and appellee, The White

River Conference of the United Brethren in Christ Church, later became parties. No questions are presented in regard to the pleadings of the various parties, which are multitudinous and voluminous, and it is sufficient for an understanding of the questions here presented to state that answers filed by appellee, Aetna Avenue Church of the United Brethren in Christ Church, brought into issue the ten-year and the six-year statutes of limitations, and the relationship between the various church bodies hereinafter mentioned. This appellee will hereinafter be referred to as Aetna Avenue Church. The cause was tried by the court, which found the facts specially. Its findings are here set out in condensed form. (1) On October 1, 1889, The United Brethren in Christ Church of Huntington, Indiana, under the constitution of 1841 as unrevised, was duly organized as a corporation under the rules and regulations of the general conference of said church and according to the statutes of Indiana, and said organization was known as the Aetna Avenue United Brethren in Christ Church of Huntington, Indiana. (2) At and since last named date there was and still is in force a rule and law of said general conference of said church which provided that the title to church houses and other church property shall vest in said general church for the use of the local organization. Between October 1, 1889, and March 22, 1890, the trustees of said Aetna Avenue Church, purchased in accordance with said rules of the general church the real estate described in the mortgages set out in the complaint and cross-complaint and afterwards erected a church house thereon. (3) On March 22, 1890, said Aetna Avenue Church by its trustees executed to Henry Walters a mortgage on said real estate to secure a note for $650 executed by said trustees on March 1, 1890. The indorsements on the note showed that interest had been paid on it up to November 12, 1892. No interest was paid on it after said date. (4) On November 25, 1892, said Aetna Avenue Church executed another

mortgage on the same real estate to Henry Walters to secure the payment of a note for $206.52, dated November 24, 1892. (5) Said Henry Walters made an endorsement on the margin of the page of the mortgage record where the first above mentioned mortgage was recorded, in the following words: "4th of April, 1894, I hereby donate to the United Brethren Church and cancel this mortgage upon the following conditions, namely: That should said church house be sold or pass out of the hands of said church, and in that event, this mortgage shall revive and be a lien upon said property according to the conditions of said mortgage. Henry Walters. Attest: C. C. Nave, R. H. Co., by C. V. Nave, Deputy." (6) Said Henry Walters made an indorsement in all essentials similar to the above on the margin of the page of the mortgage record where the second above-mentioned mortgage was recorded, on April 4, 1894. (7) On March 5, 1904, Henry Walters assigned and transferred in writing said mortgages above mentioned to Albert G. Johnson for collection and said mortgages and the debts secured thereby did not become nor ever were the property of said Johnson, but the ownership thereof always remained in said Walters. (8) In 1890 the city of Huntington made certain street and sewer improvements in front of said church property and made assessments against the same in the sum of $273.50, which were not paid when due, and on February 9, 1904, the city of Huntington sold said real estate described in said mortgages on account of said assessments, at a tax sale, to Daniel K. Flickinger, who in pursuance of an agreement previously made between him and the trustees of the church, was acting for and on behalf of said church and its trustees, and bought in said real estate with his own money, to hold for said church until it could repay him. (9) On February 8, 1906, Albert G. Johnson paid to the city of Huntington $287.25 on behalf of Henry Walters as mortgagee for the purpose of redeeming said real estate from said sale to Flickinger. Flickinger refused to accept

said redemption money, and began an action to mandate the city to execute to him a deed for said real estate. While the action was pending, on December 14, 1907, Flickinger assigned and transferred the certificate of sale received from the city at said sale to the board of trustees of the White River Conference of the United Brethren in Christ Church under the constitution of 1841 unrevised. Aetna Avenue Church was a member of and within the jurisdiction of White River Conference and said board of trustees accepted said assignment from Flickinger for and on behalf of and for the use of the local church organization to hold until the latter could repay said debt. Said board of trustees paid Flickinger the money he had invested in said property with the exception of $50 which he donated to the church. On July 16, 1908, said board of trustees surrendered said certificate to the city of Huntington, and the latter executed to said board of trustees a deed for said real estate, and the Aetna Avenue Church has paid to said board of trustees part of said debt and since the date of said deed said board of trustees has and still holds said real estate in trust for the use and benefit of the Aetna Avenue Church. (10) During all the time since the organization of said Aetna Avenue Church and the purchase of said real estate, until this time, the title to said property has been in the general United Brethren in Christ Church under the constitution of 1841, unrevised. Said general conference is the highest legislative and governing body in said church. While said property was in form sold by the city of Huntington for said assessments as aforesaid, it was in fact bought in by the agents and representatives of Aetna Avenue United Brethren in Christ Church and for the benefit and use of the latter. Said property has always been in the Aetna Avenue United Brethren in Christ Church and has never passed out of said church and said condition subsequent in said donations and cancelations of said mortgages, as set out in findings No. 5 and 6, has never happened. (11) On April 7, 1906, while

said redemption money of $287.25 was still in the hands of the city of Huntington, Albert G. Johnson and Henry Walters had a settlement of matters of difference between them in which Johnson was given a credit of $287.25 on the indebtedness which he owed to Walters and in that manner Walters paid Johnson for said redemption money. From said date the redemption money in the hands of the city was the property of Walters, but the latter and his representatives and executor failed to notify said city of this fact, and did not demand said money therefrom, and the city had no knowledge of the settlement between Walters and Johnson. On July 15, 1906, Johnson demanded the redemption money from the city, and it was paid to him. Johnson wrongfully converted this money to his own use to the damage of the estate of Henry Walters, deceased, and the executor of said estate is entitled to recover the same from Johnson. (12) Henry Walters died on August 20, 1906, and Edwin Allispaugh, cross-complainant herein, is the duly appointed and acting executor of the estate of decedent. (13) Since his appointment said executor has paid $72.77 on street and sewer assessments against the real estate herein, which were liens thereon and Aetna Avenue Church is now indebted to the estate for the same, and said estate is subrogated to the rights of the original lien holders, to a lien on said real estate for the same sum. (14) On March 8, 1906, Johnson as attorney for Henry Walters commenced this action in the name of Henry Walters, the only plaintiff named in the original complaint, against George Keefer and others to foreclose said mortgages. Johnson acted as attorney in this action for Walters until June 12, 1906, when Walters discharged him, and Johnson was not acting for and rendered no services for Walters after said date, and the claim for his services has been filed and allowed in the estate of Henry Walters in the Wabash Circuit Court. (15) The Aetna Avenue Church is not indebted to Johnson on account of

any of the matters set out in his amended third paragraph of complaint.

The court stated nine conclusions of law on the facts found which may be briefly summarized as follows: (1) The title to the real estate and church house has never passed out of said Aetna Avenue Church but it has always been and now is the owner thereof under the rules and regulations of the general conference of the church. (2) The conditions in said donations and cancelations of mortgages set out in findings No. 5 and 6 have never happened, and Walters donated said debt to the church and canceled said mortgages. (3) The debts described in the mortgages and as evidenced by promissory notes in findings No. 3 and 5 and said express agreement to pay contained in said mortgages were barred by the ten-year statute of limitations at and before the commencement of this action. (4) That Johnson as assignee of Walters should take nothing on the first and second paragraphs of complaint, and the church should recover its costs thereon against him. (5) That Johnson should take nothing on his amended third paragraph of complaint against said church, and the church should recover its costs thereon against him. (6) That Allispaugh, executor of the estate of Walters, should take nothing as against the church on the notes and mortgages set out in his cross-complaint, and the church should recover its costs thereon against said estate. (7) That Allispaugh, executor of the estate of Walters, should recover judgment against the church for the sum of $72.77, as set out in finding No. 13, and should have a lien on said real estate for said sum. (8) That Allispaugh, executor of the estate of Walters, should have judgment on his fourth paragraph of cross-complaint against Johnson for $287.25 in tort for said redemption money converted by Johnson as set out in finding No. 11. (9) That Allispaugh, executor of the estate of Walters, should take nothing on his cross-complaint against the

city of Huntington, and the latter should recover its costs against said estate.

Appellant has assigned that the court erred in overruling his motion for new trial, and in each of the conclusions of law. The only ground of the motion for new trial 1. which is argued is the sufficiency of the evidence to sustain the decision. The motion assigns that "the decision of the court is contrary to the evidence and is not supported by sufficient evidence * * * the court erred in finding of facts Nos. 1 to 15 each separately and severally." Appellee urges that the first is not a proper ground for new trial. It is true that the assignment that the decision is contrary to the evidence is not a proper assignment. *Bass* v. *Citizens Trust Co.* (1904), 32 Ind. App. 583, 70 N. E. 400. But rejecting this portion of the above assignment as surplusage, there remains the assignment that the decision is not supported by sufficient evidence, which we think is equivalent to the statutory ground that the decision is not sustained by sufficient evidence, since supported and sustained are equivalent terms. *Parkison* v. *Thompson* (1905), 164 Ind. 609, 617, 73 N. E. 109, 3 Ann. Cas. 677.

Appellant first contends that there is no evidence to contradict his testimony in support of his third paragraph of complaint, either as to a sum of money which he had 2. paid to Henry Walters in satisfaction of a note of the church, or as to a lumber and material claim which he was asserting against the church. It is perhaps true that there is no direct evidence in the record to show that such claim was ever paid. It appears that Johnson had often presented the claim to the board of trustees of the church, who at one time agreed verbally to recommend its payment to the quarterly conference, which did not recognize the claim, and that although the board of trustees was required by the rules of the discipline of the church to report debts of the church to the quarterly conference, in all of the reports of the quarterly conference from 1891 to

1904 no debt of any kind was reported by the conference. There is also positive testimony that in 1891 various items amounting to the greater portion of the claim for labor and material was paid. As to the other claim, there is nothing shown to take it out of the operation of the statute of limitations. No acknowledgment of a promise to pay a debt barred by the statute of limitations is sufficient to take the case out of its operation unless it be in writing, signed by the party to be charged thereby. §303 Burns 1914, §301 R. S. 1881. The statute of limitations had been pleaded, and there was ample evidence for the court to decide that the portions of the claim which had not been paid had all been barred by the statute of limitations, therefore that the church was not indebted to appellant on the matters set forth in his third paragraph of complaint.

Appellant also contends that the real estate mentioned in the mortgages had passed out of the possession of the original church, therefore by the conditions in the cancelations on the mortgage record the mortgages had revived. Appellant's contention is that the title passed out of the Aetna Avenue Church by the sale to Flickinger, and later passed to the White River Conference. But the court finds that by the general rules of the church the title to all church property vests in the general church, and that the title to the property in question has remained in the general church since its acquirement, and that Flickinger and the White River Conference, who at one time held the record title, were agents and representatives who held the property in trust for said Aetna Avenue Church, so that while in form it had passed out of the possession of said church, in fact it had not. These are questions of fact, and the court's decision thereon, which is supported by some evidence, will not be disturbed by this court.

It is further suggested by appellees, and the trial court seems to have agreed with their contention, that the ten-year statute of limitations had run against the notes to

secure which the mortgages were given, before this action was begun, and that when the statute had run against the notes, the mortgages became barred, notwithstanding the conditions subsequent, which were sought to be engrafted on to the cancelations of the mortgages; also that the church was not bound by the conditions subsequent, because there was no acceptance on its part of the cancelations. Both of these contentions present interesting questions of law, which are unnecessary, however, for us to decide, since a decision as to them would not change the conclusion reached.

We may further state that it also appears from the findings of the court, that Johnson had received the notes and mortgages only for collection, and his contract as attorney had been terminated later by Walters, and he never held the property in said notes and mortgages, therefore he could not recover on such notes and mortgages, even if they were valid and enforceable. No error appears. Judgment affirmed.

NOTE.—Reported in 107 N. E. 686. As to what amounts to cash payment, see 54 Am. Rep. 781. As to when acceptance of check constitutes payment, see 69 Am. St. 346. As to presumption of payment from lapse of time less than period of limitations, see 88 Am. Dec. 590; 18 Am. St. 879. See, also, under (1) 29 Cyc. 942, 951; (2) 3 Cyc. 360; (3) 38 Cyc. 1978; 3 Cyc. 360.