120    APPELLATE COURT OF INDIANA,

Indianapolis Electric Supply Co. v. Trapschuh—63 Ind. App. 120.

---

INDIANAPOLIS ELECTRIC SUPPLY COMPANY *v.*
TRAPSCHUH ET AL.

[No. 9,209. Filed November 24, 1916.]

1. APPEAL.—*Motion for a New Trial.—Grounds.—Form of Assignment.*—Under §585 Burns 1914, §559 R. S. 1881, authorizing the granting of a new trial for the reason "that the * * * decision is not sustained by sufficient evidence, or is contrary to law," no question is presented for review on appeal, where trial was had without a jury, by an assignment of error predicated on the overruling of a motion for a new trial based on the

MAY TERM, 1916. 121

Indianapolis Electric Supply Co. v. Trapschuh—63 Ind. App. 120.

grounds that the judgment and order rendered by the court were contrary to the law and the evidence and that they were not sustained by sufficient evidence, since the word "decision," as used in the statute, has reference to the finding where the trial is by the court, and neither assigned cause for a new trial challenges the decision or finding of the court.

From Marion Superior Court (96,933); *Theophilus J. Moll*, Judge.

Action by the Indianapolis Electric Supply Company against Charles J. Trapschuh and others. Nicholas J. Lux, being made a party defendant, filed an intervening petition, and from a judgment in his favor, the plaintiff appeals. *Affirmed.*

*Hempstead C. Shaw,* for appellant.

*Frank S. Roby, Elias D. Salsbury, Edward W. Little* and *Earl W. Little,* for appellees.

CALDWELL, C. J.—Appellant commenced this action against appellee Trapschuh, doing business as The Trapschuh Lighting Fixture Company, to recover on certain promissory notes and accounts. On appellant's application, appellee J. Fred Masters was appointed receiver of the personal property and assets of Trapschuh. Subsequently, by order of court, appellee Nicholas J. Lux was made a party defendant, and he thereupon filed a pleading, designated as an intervening petition, by which he alleged facts to the effect that he was the owner of a stock of goods and certain personal property, of which Masters, as receiver, had taken possession as the property of Trapschuh.

The issues formed on the intervening petition were tried by the court. The finding was for Lux, and that he was the owner. of the property described in his petition, and that he was entitled to possession thereof. The judgment follows the finding and includes an order that the receiver deliver the possession of the property to Lux. From such judgment appellant appeals, assigning the overruling of the motion for a new trial as the sole error. The motion for a

122    APPELLATE COURT OF INDIANA,

Indianapolis Electric Supply Co. *v.* Trapschuh—63 Ind. App. 120.

new trial is to the effect that thereby appellant moved the court "to grant a new trial as from the finding and judgment rendered * * * which judgment and order directed" the receiver to deliver the property, etc., the grounds of the motion being as follows:    (1) That said judgment and order rendered by the court aforesaid are contrary to law; (2) that the said judgment and order rendered by the court were not sustained by sufficient evidence; (3) that the judgment rendered and order made by the court on December 11, 1914, were contrary to the law and the evidence.

The statutory cause for a new trial to which appellant evidently intends to appeal is the sixth subdivision of §585 Burns 1914, §559 R. S. 1881.  So much of that subsection as is applicable where the trial is by the court without a jury, is as follows: "That the * * * decision is not sustained by sufficient evidence, or is contrary to law."  The word "decision" as used in such section has reference to the finding where the trial is by the court. *Gates* v. *Baltimore, etc., R. Co.* (1899), 154 Ind. 338, 56 N. E. 722; *Hillel* v. *Buettner, etc., Co.* (1916), 62 Ind. App. 481, 113 N. E. 12.

It will be observed that by neither assigned cause for a new trial does appellant challenge the decision or the finding of the court.  The causes in each case are directed against the judgment, and the order, which in this case is a part of the judgment.  "It may be that, upon verdicts or findings in strict accord with the law and evidence, judgments contrary to the law and evidence are rendered. But the remedy against such errors is a motion to modify the judgment, and not a motion for a new trial." *Lynch* v. *Milwaukee, etc., Co.* (1902), 159 Ind. 675, 65 N. E. 1025.  A long line of decisions requires us to hold that no question is presented for our consideration.  In addition to the decisions above cited, see the following, some of which illustrate the spirit of liberality exercised by the courts in an effort to hold sufficient causes irregularly as-

signed: *Rodefer* v. *Fletcher* (1883), 89 Ind. 563; *Hall* v. *McDonald* (1908), 171 Ind. 9, 85 N. E. 707; *Indiana, etc., Co.* v. *Caldwell* (1915), 59 Ind. App. 513, 107 N. E. 705; *Johnson* v. *Allispaugh* (1914), 58 Ind. App. 83, 107 N. E. 686; *Hillel* v. *Buettner, etc., Co., supra.* Judgment affirmed.

NOTE.—Reported in 114 N. E. 99.