Mills v. Thomas—194 Ind. 648.

## MILLS ET AL. v. THOMAS.

[No. 24,704.    Filed June 11, 1924.]

1. TRUSTS.—*Resulting Trust.—Complaint.—Sufficiency. — Statute.*—A complaint averring that the plaintiff furnished money with which one-half of the purchase price of certain land was paid, and that the entire title was taken by the defendant in her name, without the consent of the plaintiff, is sufficient to establish a resulting trust in the land under §4019 Burns 1914. p. 651.

2. TRUSTS.—*Resulting Trust.—Evidence to Establish.—Written Contract Unnecessary.—Statute.*—Under §4019 Burns 1914, a resulting trust in lands may be established although there is no writing creating the same where one of the purchasers thereof has taken a conveyance in his own name without the consent of the purchaser furnishing a part of the purchase price.    p. 653.

3. TRUSTS.—*Express Trusts in Land Must be in Writing.—Parol Trust in Personal Property Valid.—Statute.*—Express trusts in real estate are prohibited by §4012 Burns 1914 unless in writing, but such a trust in personal property may be created by parol.    p. 653.

4. TRUSTS.—*In Proceeds of Real Estate.—Valid Agreement.— Consideration.*—A parol promise to hold land in trust for another is invalid and cannot be enforced, but it is a sufficient consideration to support a later parol agreement to hold in trust the proceeds realized from the sale of such land.    p. 654.

5. TRUSTS.—*In Proceeds of Real Estate.—Valid Agreement.— Evidence.—Sufficiency.—Resulting Trust.*—In an action to establish a resulting trust in a half interest in real estate, evidence *held* sufficient to establish an express trust in the proceeds of the sale of a certain farm, and when the plaintiff's share was afterward applied to the purchase, jointly with the trustee, of another farm, the trustee, without the consent of the beneficiary, taking the title to the entire estate in her own name, a resulting trust in a half interest in the second farm was thereby created.    p. 654.

6. APPEAL.—*Review.—Weighing Conflicting Evidence.—Statute.*—Section 698 Burns 1914 does not authorize an appellate tribunal to determine where the preponderance of evidence lies in conflicting testimony, even in an equity case, and if there is evidence which fairly supports the decision of the trial court, the judgment will be affirmed.    p. 655.

7. TRUSTS.— *Resulting Trust.— Trustee's Intention not Relevant.*—In an action to establish a resulting trust in a half in-

terest in land, there was no error in refusing to allow the alleged trustee to testify as to her intention in purchasing the land, the material facts being whether the plaintiff furnished half the purchase money for the purpose of buying the land and whether the alleged trustee took title to all of it in her own name without his consent.   p. 655.

8. APPEAL.—*Review.*—*Exclusion of Evidence.*—*Offer to Prove Necessary.*—No question is presented on appeal as to excluding evidence where no offer was made to prove what was intended to be elicited by the question propounded to the witness. p. 656.

9. TRIAL.—*Evidence.*—*Objections.*—*Time of Making.*—*Waiver.*— On the trial of a cause, where the cashier of a bank, without objection, used copies of deposit slips to refresh his recollection, but, on re-examination, objection was made to his using such copies, the objection was waived by not making it at the time of the original examination.   p. 656.

From Boone Circuit Court; *Frank E. Hutchison,* Judge.

Action by Clyde C. Thomas against Clara J. Mills and another.   From a judgment for plaintiff, the defendants appealed to the Appellate Court.   (Transferred to the Supreme Court under §1394, clause 2, Burns 1914.) *Affirmed.*

*Otis Gulley, Willett H. Parr* and *Urban C. Stover,* for appellants.

*Edgar M. Blessing, George T. Pattison* and *Ira M. Sharp,* for appellee.

GAUSE, J.—Appellee brought this action against appellants to recover the undivided one-half of an eighty acre farm, the legal title to which was in appellant Clara J. Mills.   No question is raised as to the sufficiency of the complaint, so it will not be necessary to quote from it at length.   It is alleged that on January 3, 1913, appellee and appellant Clara J. Mills agreed to purchase and did purchase of one Ed Humston the farm in dispute, for the consideration of $12,600.   That appellee paid thereon the sum of $4,000 and appellant

Clara J. Mills paid a like sum. That there was a mortgage for $4,600 on said farm which the purchasers assumed. It is alleged that appellee's part of said purchase money was paid as follows: that said appellant had possession of $1,200 of money belonging to appellee and that appellee paid to said appellant $2,800 in cash, all of which was used in paying for said land. That all of said land was deeded to said appellant and that appellee's name was omitted from such deed without his consent. It is alleged that appellee took possession of said land and made valuable and lasting improvements thereon, with appellants' knowledge. That appellee operated said farm and paid taxes and insurance thereon, and has paid on said mortgage principal and interest in the sum of $2,500. It is alleged that appellee demanded of appellants a deed for his interest therein, which was refused. The prayer was that appellants be required to keep said agreement and execute and deliver to appellee a good and sufficient deed to said real estate, subject to one-half the mortgage thereon, and that a commissioner be appointed to make such conveyance, and for all other proper relief. The answer was a general denial.

There was a trial by the court and a finding for appellee. The judgment was that the appellee was the owner in fee simple of an undivided one-half of said land; that the legal title to the same was in said Clara J. Mills, who held the same in trust for appellee, and that appellee's interest therein was subject to $900 of the mortgage indebtedness existing on said land. A commissioner was appointed to execute a conveyance in accordance with the finding and judgment.

Appellants filed a motion for a new trial, in which certain rulings of the court in the admission and rejection of evidence were challenged, and also that the decision of the court was not sustained by sufficient

evidence and that it was contrary to law. The only error assigned is based upon the overruling of the motion for a new trial.

Appellants say that the theory of the complaint is for the specific performance of a contract. It is apparent from the finding and judgment that the court below construed it as an action to establish a resulting trust. The allegations of the complaint are sufficient to warrant this construction. It is averred that appellee furnished money with which the consideration for one-half of said land was paid and that the entire title was taken in the name of Clara J. Mills without the consent of appellee. This is sufficient to establish a trust in land under §4019 Burns 1914, §2976 R. S. 1881. In view of these averments of the complaint, and since the judgment of the lower court followed this theory, we will adhere to the same theory. *Comegys* v. *Emerick* (1893), 134 Ind. 148; *Muncie Pulp Co.* v. *Martin* (1904), 164 Ind. 30.

There was evidence fairly and reasonably tending to show the following facts, some of which are disputed and others not.

Appellee is the son-in-law of appellants. Mrs. Mills and her sister inherited eighty-eight acres of land from their mother, and, by exchange of deeds, Mrs. Mills became the owner of forty acres with the improvements, and the sister received forty-eight acres without any improvements. This farm was known as the "Chadwick farm." That in 1910 appellant Clara J. Mills purchased from her sister the forty-eight acres upon which there were no improvements, for $4,000, giving a mortgage for the same upon the entire farm. That, at this time, appellee lived on said farm as a tenant. That Mrs. Mills proposed that appellee buy the forty-eight acres from her sister, but that appellee said he could not buy it unless he sold his personal property

and that he preferred the forty acres with the improvements. That Mrs. Mills told appellee she would buy the forty-eight acres and she would help him get the money and he could pay the interest and taxes and keep the farm up, and when he had paid for the forty acres, she would deed it to him. That it was necessary to have the title quieted and he paid one-half the cost thereof, paid $240 a year interest on the $4,000 borrowed, made some improvements and paid the taxes. In 1912, the Chadwick farm was sold for a little more than $11,000. That the forty acres and the forty-eight acres were of about equal value. The evidence is not clear as to the amount of the profit realized on this sale, figuring the value at the time Mrs. Mills purchased her sister's part, at $8,000, but appellants say it made a profit of about $2,600. It also appears that there were some expenses, such as quieting the title. That appellee was claiming one-half of the profit of this sale at the time and after it was made, and that after such sale was consummated, appellee asked Mrs. Mills for his part thereof, but that Mrs. Mills said to appellee, "Just let it go as it is and we will buy another farm somewhere and buy it in partnership and apply it on the farm"; also, she said she would allow him his part. That in 1913, Mrs. Mills and appellee agreed to buy the farm in dispute, known as the "Humston farm." That the purchase price therefor was $12,600. That the same was paid as follows: A mortgage of $4,600 was assumed and Mrs. Mills paid $4,000 of her money; appellee furnished $2,800 in cash and appellee's part of the profit from the sale of the Chadwick farm was applied thereon. That Mrs. Mills, without the knowledge or consent of appellee, took the title to all of said land in her own name. That Mrs. Mills stated before the sale of the Chadwick farm that appellee owned forty acres of that farm, and after the

purchase of the Humston farm, she told several persons that he owned one-half of it.

It is the contention of appellants that the evidence does not sustain the decision, because there was no written contract, and that appellee is attempting to enforce a parol trust in land in contravention of the statute. Under §4019 Burns 1914, *supra,* a trust in lands may result, although there is no writing creating the same, where the grantee has taken an absolute conveyance in his own name without the consent of the person with whose money the consideration was paid. The evidence is sufficient to establish that Mrs. Mills took the conveyance in her own name without the consent of appellee and contrary to the arrangement between them. It also sufficiently appears from the evidence that appellee paid $2,800 of the purchase money.

It is earnestly insisted by appellants that appellee could have no interest in, or claim to, any part of the purchase money of the Chadwick farm. They insist that his claim thereto rests solely upon a parol promise and that such a promise cannot give him any interest in real estate. It is true that an express trust in real estate cannot be created by a parol agreement. Appellee could not have enforced the agreement of Mrs. Mills to convey to him forty acres of the Chadwick farm, and, after the sale thereof, in the absence of any further agreement, he would not be entitled to any part of the purchase money. This is because of the statute prohibiting a trust in lands, except such as may arise by implication of law, unless in writing. §§4012-4019 Burns 1914, §§2969-2976 R. S. 1881. But a trust in personal property or money may be created by parol. *Hon, Exr.,* v. *Hon* (1880), 70 Ind. 135; *Stanley's Estate* v. *Pence* (1903), 160 Ind. 636.

It appears from the evidence that, after the sale of

the Chadwick farm, appellee asked Mrs. Mills for his part of the purchase money received, and she at that time told him to let it go as it was and that they would buy another farm in partnership and apply it on the farm, and that she would allow him his part of the profit. This was a direct promise or agreement to hold appellee's share of the purchase money in trust for him, and is valid as creating a parol trust in personal property, if such promise or agreement rested upon any sufficient consideration.

It has been repeatedly held that a parol promise to hold land in trust for another, if there is a consideration therefor, although the promise itself cannot 4. be enforced, is a sufficient consideration to support a later agreement to hold in trust the money which has been realized from the sale of such land. *Mohn* v. *Mohn* (1887), 112 Ind. 285; *Thomas, Admr.,* v. *Merry* (1888), 113 Ind. 83; *Wills* v. *Ross* (1881), 77 Ind. 1, 40 Am. Rep. 279; *Talbott, Admr.,* v. *Barber* (1894), 11 Ind. App. 1, 54 Am. St. 491; *Calder* v. *Moran* (1882), 49 Mich. 14, 12 N. W. 892.

The evidence fairly establishes that after Mrs. Mills agreed to hold a part of the Chadwick farm in trust for him, appellee paid interest on the mortgage 5. thereon, paid the taxes, made some improvements and paid part of the cost of quieting the title thereto. Such facts constitute such an equitable obligation upon the part of Mrs. Mills, that, although such obligation could not have been enforced, yet it does furnish a sufficient consideration for the subsequent agreement upon her part, after said land was converted into money, to hold such money in trust for appellee. This conclusion is fully supported by the authorities cited above. It follows, then, that appellee was the equitable owner of one-half the profits from the Chad-

wick farm.   His interest in the profits of this farm and his cash payment of $2,800 constituted one-half of the cash paid for the Humston farm, and the title to all of it having been taken in the name of Mrs. Mills, without his consent, when he furnished such consideration for the purpose of becoming a tenant in common, created a resulting trust in his favor for one-half thereof, subject to his part of the mortgage existing on said farm.

Appellants contend that the evidence is conflicting, uncertain and doubtful on several material matters which the appellee had the burden of establish-
6.   ing and this being an equity case, the court should weigh the evidence to determine whether it is sufficient to sustain the decision, and cite §698 Burns 1914, Acts 1913 p. 338.   This statute has been construed by this court as not authorizing us to determine where the preponderance lies in conflicting oral testimony, and if there is evidence which fairly supports the decision below, we cannot disturb it on the evidence.   *Parkison* v. *Thompson* (1905), 164 Ind. 609, 3 Ann. Cas. 677; *Mannos* v. *Bishop-Babcock-Becker Co.* (1914), 181 Ind. 343.

Although the evidence was conflicting on many material points, there was evidence fairly and reasonably supporting all matters necessary to sustain the decision.

Appellants complain because Mrs. Mills was not allowed to testify as to what her intention was in purchasing the Humston farm.   The material facts
7.   were, did appellee furnish half the purchase money for the purpose of buying an undivided interest in said farm, and did Mrs. Mills take the title to all of it in her own name without his consent?   Her intention in buying the farm was not material to any issue.

Appellants complain because Mrs. Mills was not al-

lowed to answer a question as to whether she had any contract or agreement with her daughter in regard to the purchase of the Humston farm. Appellants made no offer as to what they expected to prove in answer to the question, so that no question is raised upon such ruling. *Papenbrook* v. *White* (1923), *ante* 17, 141 N. E. 804.

The cashier of the bank where appellee had kept his account at the time the transactions were had testified for appellee regarding his account. On direct examination, he used copies of certain deposit slips to refresh his recollection and was cross-examined regarding the same, all without objection to the use of the same. Upon redirect examination, objection was made to his using such copies. If there was any valid objection thereto, the same was waived by appellants in not making objection sooner.

In further support of their contention that the decision is not sustained by sufficient evidence and is contrary to law, appellants say that the court awarded appellee half of said farm subject only to a $450 debt. The general finding and the judgment following the finding awarded to appellee one-half the farm subject to $900 of the mortgage existing on the whole farm. Appellants do not point out nor discuss wherein the decision is at fault in this respect, except to say that as he was only charged with $450 of the debt, it is contrary to the law and not sustained by sufficient evidence, because the mortgage debt on the whole farm is $3,200. Having failed to discuss the decision as it actually was in this respect, and having made no further attempt to apply the evidence to the real decision, if there was any error in this regard, it is waived.

Judgment affirmed.