SMITH ET AL. *v.* HILL.

[No. 25,100. Filed March 29, 1929.]

*David Smith, Charles A. Hack, George H. Meïks, McNutt & McNutt, Alonzo Blair* and *McDaniel & Myers,* for appellants.

*Claud R. Henry, Charles Tindall* and *S. C. Kivett,* for appellee.

MARTIN, C. J.—The appellant David Smith, as a resident freeholder, voter, and taxpayer of Morel Township, Shelby County, filed a verified remonstrance in the commissioner's court of that county alleging that the Albert Smith road in said township, which had been improved by grading, draining, and graveling by Herman C. Hill under a contract, had not been improved in accordance with the plans and specifications, and prayed that said road and improvement be not received and that all claims for making said alleged improvement be rejected.

The board of county commissioners determined that there was an issue raised by reason of the verified report of George E. Oltman, the engineer on said improvement, which stated that the road had been completed according to plans and specifications and the remonstrance filed by appellant Smith, and, upon trial of such issue, found and adjudged that the contractor, Hill, had not finished and constructed the road according to specifications, and ordered him to complete the same. From this judgment, Hill appealed to the Shelby Circuit Court, and took a change of venue from the county. The cause was sent to the Morgan Circuit Court, where, without additional pleadings, it was tried, the trial resulting in a decision and judgment in favor of the contractor, from which this appeal is taken. The alleged error relied upon for reversal is the overruling of appel-

lant's motion for a new trial, wherein he assigns as reasons; that the decision of the trial court was not sustained by sufficient evidence and was contrary to law, and that the court erred in admitting certain evidence.

Appellant contends that there is an entire absence of evidence to prove that the gravel used in the highway was "of good quality paving material," or that it met the specification "all materials shall be the best of their respective kinds," as provided in the plans, specifications, and contract. The evidence is voluminous, covering 700 pages of the transcript and we have rarely found a case where the evidence given on behalf of each party is so diametrically opposed to that given on behalf of the other.

The appellants, Smith and three members of the board of county commissioners, and their witnesses, including Albert Smith, the petitioner for the road, who was also its superintendent of construction, the county auditor, the surveyor of another county, and half a dozen landowners and residents in the vicinity of the road, testified that the gravel used contained dirt or hard pan, as well as too much sand, several of them testifying that it was one-third gravel, one-third sand, and one-third dirt; that many lumps of dirt or hard pan, varying from the size of an egg to the size of a man's head, and sometimes larger, were hauled from the gravel pit to the road, and were found in all of the many holes dug, preceding the trial, for the purpose of securing samples of the gravel; some of the witnesses testified that the road was soft, cut up, and that, after rains, one automobile had to run in low gear, another sank in up to the axles on the side of the road, that a ton-load of straw and a tractor pulling a shredder could not pass over it.

The appellee, Hill; Oltman, the county engineer; thirteen men who hauled the gravel; two assistant super-

intendents of county roads; three county surveyors from other counties; two road contractors and several landowners and residents in the vicinity testified that the proper amount and quality of gravel was used, that it was a good quality paving material and suitable for the road; that there was a sufficient amount of coarse aggregate in the material—the testimony varying as follows: coarse gravel forty to sixty per cent., coarse sharp sand twenty-five to forty per cent., loam and smooth sand ten to twenty per cent., that the men working on the road were instructed to remove all dirt, clay or hard pan which became mixed with the gravel at the pit, and that they did not allow any dirt to go into the road, except a small amount when the hauling began; that they had taken many samples of gravel from the road and no chunks of dirt, clay, etc., had been found, except small lumps less than two inches in size; that the road is packed good, is smooth and level, is wearing well; that the county engineer had filed a report with the county commissioners showing that the road had been completed according to specifications; that the same gravel had been used successfully for cement work; and that loads of hay and a clover huller were pulled over the road without difficulty.

Where there is conflicting evidence, the Supreme and Appellate Courts of Indiana, even in equity cases, will not determine the credibility of witnesses, nor will they weigh or determine the probative force of the conflicting evidence to determine where the preponderance lies. They will determine whether there is sufficient evidence to support or sustain a finding and will not disturb it if there is substantial evidence which fairly tends to establish all the material issues and to sustain the finding.[1]

---

[1] These propositions are well settled by several hundred cases decided by this court. See cases collected under Appeal and Error, Key

Appellants insist that there is an absence of evidence to support the decision of the court because the contract provides that "all materials shall be the best of their respective kinds," and that the best paving material in the way of gravel (as shown by their testimony) is washed gravel, composed of good hard pebbles and sharp clean sand. It cannot be denied that washed gravel is superior to gravel which contains a percentage of dirt, but, in the absence of any express specification of washed gravel, we cannot hold that the trial court did not have evidence before it to sustain its finding that appellee had furnished gravel that complied with the specifications.

The appellants contend that since the auditor of Shelby County is not a party to the suit, and since the only issue raised is whether the road was completed according to specifications, the judgment which orders "'that the Auditor of Shelby County, Indiana, shall issue a warrant to the said Herman C. Hill as contractor for the sum of $3,302 payment of balance due upon the unpaid price for the construction of said road,' is void, . . . and the decision of the court is contrary to law." The word "decision" of the court,

number paragraphs 987 to 1011, inclusive, in Indiana Digest (West Publishing Company) and in Northeastern Digest. See, also, Appellate Procedure, Burns' Indiana Digest, Vol. 1, p. 135; Vol. 1, Supp. pp. 167 to 178, inclusive; and Vol. 3, Supp. pp. 85 to 88, inclusive. A similar rule applies to criminal cases; see *Winters* v. *State* (1928), 200 Ind. 48, 160 N. E. 294.

Where, in equity cases, the evidence is entirely documentary, the court on appeal will weigh the evidence, *State* v. *Board, etc.* (1905), 165 Ind. 262, 74 N. E. 1091, but it has been repeatedly held that Acts 1903, ch. 193, §8, §723 Burns 1926, which requires the courts of appeal to "carefully consider and weigh the evidence" and reverse the judgment "if it appears from all the evidence . . . that the judgment . . . is not fairly supported by or is clearly against the weight of the evidence," does not require the weighing on appeal of conflicting oral evidence. *Parkinson* v. *Thompson* (1905), 164 Ind. 609, 73 N. E. 109; 3 Ann. Cas. 677; *Hudelson* v. *Hudelson* (1905), 164 Ind. 694, 74 N. E. 504; *Ray* v. *Baker* (1905), 165 Ind. 74, 74 N. E. 614; *Jones* v. *Luddington* (1913), 180 Ind. 33, 101 N. E. 483; *Mills* v. *Thomas* (1924), 194 Ind. 648, 144 N. E. 412.

as used in subd. 6, §610 Burns 1926, is not the judgment, but has reference to the finding when the trial is by the court. *Indianapolis Electrical Supply Co. v. Trapschuh* (1916), 63 Ind. App. 120, 114 N. E. 99; *Gates* v. *Baltimore, etc., R. Co.* (1899), 154 Ind. 338, 56 N. E. 722. The remedy against an erroneous judgment is a motion to modify the judgment and not a motion for a new trial. *Lynch* v. *Milwaukee Harvester Co.* (1903), 159 Ind. 675, 65 N. E. 1025. There is nothing concerning the auditor in the finding, which was the only action of the court reached by causes one and two in the motion for a new trial, although the court did find that the contractor "is further entitled to recover and receive the sum of $3,302 being the unpaid balance of the contract price," after finding that "the road in question has been completed in all things according to the plans, specifications, report of engineer and viewers, profile and contract therefor, and that said contractor is entitled to have said road received and the work approved." This record does not show a motion to modify the judgment and where a part of the judgment is valid, the judgment will stand, unless proper steps have been taken by objection presented to the trial court to secure a modification of the same. *Guynne* v. *Wabash, etc., Trust Co.* (1913), 53 Ind. App. 391, 101 N. E. 738; *Bayless* v. *Glenn* (1880), 72 Ind. 5, however erroneous the judgment may be, *American Ins. Co.* v. *Gibson* (1885), 104 Ind. 336, 342, 3 N. E. 892. But even if the finding that the contractor was "entitled to recover and receive the sum of $3,302," was erroneous, as appellants claim, by reason of the fact that the road must first be received and the work approved (to which action the court finds that the contractor is entitled), such error would clearly be harmless and unavailing to appellants in this action.

Appellants' objection to the action of the court in permitting the contractor and the road engineer to an-

swer questions calling for their opinions as expert witnesses, as to whether the gravel used was a good quality paving material and suitable for the road in question, is on the ground that the evidence sought to be elicited from the witnesses called for an ultimate fact or an opinion upon the point which it was the duty of the court to determine, and an opinion upon a subject on which the court was as well prepared to judge as the witnesses. The rule contended for is based on the assumption that the court and jury are as able to give an opinion from facts disclosed as the witness, and it is subject to the exception which permits skilled witnesses to state an opinion in connection with facts observed and stated. *New Jersey, etc., R. Co.* v. *Tutt* (1907), 168 Ind. 205, 80 N. E. 420; *Hilton* v. *Mason* (1883), 92 Ind. 157. Where there is evidence that a witness from experience or learning has special knowledge of material or appliances, the witness may express an opinion as to quality and utility. *Louisville, etc., R. Co.* v. *Spain* (1878), 61 Ind. 460; *Jeffersonville, etc., R. Co.* v. *Lanham* (1866), 27 Ind. 171.

Judgment affirmed.

Myers, J., absent.